CV 10 0049

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GEORGETTE SORRELL, JUANA ROSARIO,
MACHEL WILLIAMS, and DONALD MORENCY,
                                    Plaintiffs

                    v.

THE INCORPORATED VILLAGE OF LYNBROOK,
LYNBROOK POLICE DEPARTMENT and POLICE
OFFICERS JOHN DOE 1-10 in their official and
individual capacities,

                                    Defendants.

-------------------------------------------------------------------X

ORIGINAL

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N.Y

DOCKET NO.

★ JAN 06 2010 ★

COMPLAINT

LONG ISLAND OFFICE

HURLEY, J.
WALL, M.J.

*JURY TRIAL DEMANDED*

PLAINTIFFS GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS

and DONALD MORENCY (hereinafter referred to collectively as "Plaintiffs"), by and through

their attorneys, the LAW OFFICES OF FREDERICK K. BREWINGTON, states and alleges the

following claims against the above-named Defendants:

## PRELIMINARY STATEMENT

1.      This is a civil action seeking monetary relief from the Incorporated Village of

Lynbrook, the Lynbrook Police Department, Lynbrook Police Department Police Officers "John

Does 1-10," for committing acts under color of law and depriving Plaintiffs of rights secured by the

Constitution and laws of the United States and the State of New York.  Plaintiffs allege that

Defendants used excessive force, unnecessary force, negligently inflicted emotional distress, inflicted

physical and emotional harm, and negligently, intentionally, and without cause falsely arrested and

falsely imprisoned Plaintiffs, causing physical harm and pain and suffering, all in violation of their

constitutional and civil rights.

1

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 and the First, Fifth, and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

3.      Prior hereto, Plaintiffs filed a motion to file a late Notice of Claim in compliance with General Municipal Law Section 50 et. seq. and CPLR 215.  A decision regarding same is pending in the Nassau County Supreme Court. Should that motion be granted, Plaintiffs respectfully reserve their right to file an amended complaint.

4.      Venue for this action is the Eastern District of New York based on the place and occurrence of the actions complained of herein.

## PARTIES

5.      Plaintiffs, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY (hereinafter referred to collectively as "the Plaintiffs") are all Black, African Americans and are all residents of Suffolk County, New York.

6.      Upon information and belief, Defendant THE INCORPORATED VILLAGE OF LYNBROOK (hereinafter "Defendant Village") is or was at all relevant times a municipal corporation organized and existing under the laws of the State of New York,  located at One Columbus Drive, Lynbrook, New York 11563 in the Town of Hempstead.

7.      Upon information and belief, Defendant THE LYNBROOK POLICE DEPARTMENT (hereinafter "Defendant Police Department") is or was at all relevant times a legal

2

subdivision and agency of the defendant, the Incorporated Village of Lynbrook, located at One Columbus Drive, Lynbrook, New York 11563 in the Town of Hempstead.

8.      Upon information and belief, Defendant POLICE OFFICERS JOHN DOE 1-10 were at all relevant times employed by the Incorporated Village of Lynbrook as police officers for the Lynbrook Police Department. These defendants referred to collectively as "the defendant police officers", are sued individually by and collectively in their individual and official capacities. At all time relevant hereto, these defendants acted or purported to act under color of law.

## FACTUAL ALLEGATIONS

9.      On or about October 11, 2008 at or about 9:00 p.m. while driving a white 1994 four-door Honda Accord in Lynbrook,  heading south on Peninsula Boulevard, Plaintiffs were stopped by members of the Defendant Police Officers "John Does 1-10". Plaintiff Sorrell was driving and Plaintiffs Morency, Williams and Rosario were passengers in the stopped vehicle. Defendant Police Officers "John Does 1-10"  informed Plaintiff Sorrell that the vehicle she was driving fit the description of a similar vehicle involved in a criminal incident that night.

10.      Defendant Police Officers "John Does 1-10" did not provide a description of the vehicle they were allegedly seeking; nor did they indicate whether Plaintiffs fit the description of the person(s) that were reportedly operating the vehicle.  Furthermore, no indication was given as to where the incident took place or what time.

11.      Upon information and belief, Plaintiffs were improperly profiled by Defendant Officers and assumed to be part of the group of individuals that were part of the alleged criminal activity simply because Plaintiffs were African American.

12.      When prompted, Plaintiff Sorrell gave her license and registration and the Defendant Police Officers "John Does 1-10" took the passengers' identification. By this time several other

3

officers and detectives had responded to the scene. Plaintiffs were forced to remain at the point of the stop for over two hours. Plaintiffs were ordered out of the car and told to stand in a line, as a police cruiser carrying two white youths in the backseat, slowly drove by.

13.     Shortly after, Plaintiff Morency was instructed to sit on the curb and Plaintiffs Williams and Rosario were put into a detective's car. Defendant Police Officers "John Does 1-10" handcuffed Plaintiffs and told Plaintiffs that everything would be resolved at the Precinct. Without a warrant or the permission of Plaintiffs', the Plaintiff Sorrell's car was subsequently searched by the Defendant Police Officers "John Does 1-10".

14.     The Plaintiffs were brought to the Fifth Precinct by Defendant Police Officers "John Does 1-10". Once the Plaintiffs arrived at the Fifth Precinct, Plaintiff Sorrell was placed in a separate room for questioning. Defendant Police Officers "John Does 1-10" placed all the cellular phones found in the vehicle before Plaintiff Sorrell. Without the consent of the Plaintiffs, Defendant Police Officers "John Does 1-10" searched the contents of each of the Plaintiffs' cellular phones.

15.     Plaintiffs Morency, Rosario and Williams were placed in separate holding cells while Plaintiff Sorrell was questioned. Each plaintiff was interrogated by Defendants. The Lynbrook police proceeded to take a series of Polaroid photographs of the items collected and of the Plaintiffs.

16.     The Lynbrook Police Officers "John Does 1-10" ridiculed the Plaintiffs while celebrating the unlawful arrest. They made comments about the Plaintiffs belongings and the way Plaintiffs spoke.

17.     Defendant Police Officers "John Does 1-10" made comments regarding Plaintiff Sorrell's jewelry, asking if it had been reported stolen. While questioning Plaintiff Williams, this Plaintiff objected to the manner in which he was treated and attempted to explain the events that took place that evening. In response, Police Officers "John Does 1-10" condescendingly stated, "and I

4

see we got ourselves a lawyer."

18.    The Plaintiffs repeatedly inquired as to the reasons  for their detainment, and requested permission to use a telephone. Defendant Police Officers "John Does 1-10"  never responded to their inquiries, they only made sarcastic comments, such as, "you would be able to use the phone" if "you weren't out robbing people."

19.    Defendant Police Officers "John Does 1-10" searched Plaintiff Sorrell's car on several occasions through out the night, causing her car alarm to sound each time. Defendant Police Officers "John Does 1-10" impounded Plaintiff Sorrell's vehicle and vandalized it. Furthermore, Plaintiff Sorrell's Samsung cellular phone, valuing at approximately $400.00, was never returned by Defendant Police Department.

20.    Although there was no individualized suspicion that any of the Plaintiffs were secreting contraband on their person, a female police officer was instructed by Defendant Police Officers "John Does 1-10 to conduct an unlawful strip search of Plaintiffs Sorrell and Rosario. Plaintiff Sorrell objected to the unlawful practice and  informed the female officer that she refused to disrobe. It was at that time that  Plaintiff Sorrell was informed, for the first time,  that all Plaintiffs were under arrest.  Plaintiffs Sorrell and Rosario were then subjected to an unlawful strip search that both humiliated and psychologically harmed said Plaintiffs. To further add to the insult and humiliation of the ordeal, Defendant Police Officers "John Does 1-10" informed Plaintiffs Sorrell and Rosario that they were not permitted to use the bathroom without a female officer present; and that a female officer would not be called even for that purpose.

21.    While in the custody of Defendant and operating under color of law Police Officers "John Does 1-10", without any individualized suspicion that Plaintiff Williams was secreting contraband on his person, conducted an unlawful stripped Plaintiff Williams in another bathroom.

5

This unlawful strip search that both humiliated and psychologically harmed said Plaintiff Williams.

22.     Plaintiffs were interrogated for about 12 hours, during which they were subject to verbal abuse by Defendant Police Officers "John Does 1-10" during the interrogation and not afforded any rights to counsel or any others enumerated under the 5th and 6th Amendments. Then Plaintiffs were taken to headquarters and spent approximately 24 hours there.

23.     Plaintiffs were told by Defendant Police Officer "John Does 1-10" that they would be arraigned on Sunday, October 12, 2008. However, Plaintiffs were not arraigned until Monday, October 13, 2008. Plaintiff Sorrel was released on $5,000.00 bail. Plaintiff Rosario was released on her own recognizance. Plaintiff Morency was remanded. Plaintiff Williams, unable to make bail, was held for nine (9) days at the Nassau County Correctional Facility. Upon information and belief, all charges were dismissed against all Plaintiffs on January 27, 2009.

24.     On the basis of unlawful discrimination by Defendants acting under the color of law, Plaintiffs assert the following causes of action against Defendants:

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**42 U.S.C. § 1983 - FALSE ARREST**</u>

25.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 24 of this complaint with the same force and effect.

26.     The accusations of wrongful conduct against Plaintiffs were improper and false, and were an attempt to disguise the Defendants', THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES 1-10 in their official and individual capacities, animosity towards the Plaintiffs, causing a deprivation of their rights, privileges, and/or immunities secured by the Constitution and laws.

27.     Under color of the law, the Defendants deprived the Plaintiffs of their Fifth, Sixth and

Fourteenth Amendment rights not to be deprived of life, liberty, or property without due process of law, and of their Fourth Amendment right to be free from unlawful searches and seizures by falsely arresting, wrongfully detaining, unlawfully assaulting and unconstitutionally conducting a strip search and falsely charging the Plaintiffs with criminal charges, for which there is no evidence or substantiation of any kind.

28.     The accusations of wrongful actions leveled against the Plaintiffs were false and an attempt to cover up the false arrest, malicious prosecution and abuse of process which had been inflicted by Defendants on Plaintiffs.

29.     Such actions were intentional, negligent, reckless, callous, unreasonable and unauthorized, as Defendants had a duty not to subject  Plaintiffs to the use of excessive force by conducting an unlawful strip search, false arrest and summary punishment, but failed to prevent same and breached their duty all in violation of 42 U.S.C §1983.

30.     The Defendants acted under color of law to deny the Plaintiffs of their Constitutional rights of due process and freedom from seizure by wrongfully detaining them under the threat of imprisonment, without providing any reasonable basis and or investigation warranting prosecution, or other due process guarantees secured to the Plaintiffs.

31.     As a consequence of Defendants' wrongful actions, negligent behavior, and violation of federal and state laws, Plaintiffs' were deprived of their freedom, was made to suffer injuries, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain, mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants until their release.

32.     That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 - FALSE IMPRISONMENT

33.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 32 of this complaint with the same force and effect.

34.     The accusations of wrongful conduct against Plaintiffs were improper and false, and were an attempt to disguise the Defendants', THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES 1-10 in their official and individual capacities, animosity towards the Plaintiffs, causing a deprivation of their rights, privileges, and/or immunities secured by the Constitution and laws.

35.     The Defendants, THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES 1-10 in their official and individual capacities lacked probable cause to arrest or detain Plaintiffs in prolonged physical custody for a period of time from October 11, 2008 to October 13, 2008 for Plaintiffs Sorrell, Rosario and Morency and from October 11, 2008 to October 20, 2008 for Plaintiff Williams.

36.     The wrongful stop, false detainment, assault, wrongful arrest, malicious prosecution, and other wrongful acts conducted against the Plaintiffs by the Defendants were committed under color of law, customs, and statutes of the State of New York.

37.     The Defendants acted under color of law to deny the Plaintiffs of their Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, equal protection, and due process by falsely arresting, wrongfully detaining, unlawfully and falsely charging the Plaintiffs with criminal charges, for which there is no evidence or substantiation of any kind.

38.     The accusations of wrongful actions leveled against Plaintiffs were false and

8

an attempt to cover up the excessive force, false arrest, malicious prosecution and abuse of process which had been inflicted by Defendants on Plaintiffs.

39.    The Defendants acted under color of the law to deny the Plaintiffs' their Constitutional rights to equal protection, due process, and freedom from seizure by wrongfully detaining the Plaintiffs at the Fifth Precinct, and wrongfully charging them and holding them under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the Plaintiffs by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40.    Such abuse of process was continued by the Defendants in their refusal to adequately investigate the false charges against the Plaintiffs and to properly review and investigate the actions of Defendant Police Officer "John Does 1-10" and officials for their actions against the Plaintiffs.  Specifically, Defendants failed to investigate and verify the veracity of the Plaintiffs' claims, despite the lack of any significant hearing or consideration by the Defendants for the substantial evidence supporting Plaintiffs' innocence – such evidence includes scientific evidence, official reports, governmental determinations, consistent testimony, and the blatant lack of any probable cause for wrongly stopping, detaining and arresting Plaintiffs.

41.    As a consequence of Defendants' wrongful actions, negligent behavior, and violation of state and federal laws, Plaintiffs' were deprived of their freedom, was made to suffer injuries, and was subjected to great fear and terror and personal humiliation and degradation , and continued to suffer physical pain, mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants until their release.

42.    That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983  - EXCESSIVE USE OF FORCE

43.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 42 of this complaint with the same force and effect.


44.     The unlawful arrest   conducted against the Plaintiffs by Defendants,   THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN   DOES 1-10 in their official and individual capacities constituted unreasonable and excessive force by police officers as well as abuse of process.  Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiffs to any unnecessary force, but failed to prevent the same and breached their duty.

45.     As a consequence, of Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiffs were deprived of their freedom,  was subjected to great fear and terror and personal humiliation and degradation, and suffered great mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants.

46.     That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

47.     Plaintiffs repeats and reiterates the allegations set forth in paragraphs 1 through 46 of this complaint with the same force and effect.

48.     By actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs' decedent, all of the Defendants acted unreasonably, recklessly, and negligently in failing

to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiffs against illegal search and seizure, physical abuse, detained custody and other due process violations.  Said rights are guaranteed to the Plaintiffs by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, and Fourteenth Amendment of the United States Constitution.

49.    Both before and after January 27, 2009, the THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES 1-10 in there official and individual capacities have systematically failed to identify the improper abuse, misuse, violative acts by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision, and/or restraint.

50.    Upon information and belief, specific systemic flaws in THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES 1-10 in there official and individual capacities  misconduct review process include but are not limited to the following:

a.    Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

b.    Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.    Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d.    Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

e.    Reports in brutality cases are not reviewed for accuracy by supervisory officers.

Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

f.      The Village of Lynbrook hastily accepts the allegations of police in light of clear evidence of innocence, and accepts the allegations as provided from police reports regarding excuses for abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

51.     Said cover-up by the Defendants   Both before and after January 27, 2009, THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER "JOHN DOES 1-10"  was executed in this case where the Defendants failed to sufficiently investigate Plaintiffs and instead acted under color of statute to knowingly impose false criminal charges upon the Plaintiffs.

52.     By permitting and assisting such a pattern of police misconduct, THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER "JOHN DOES 1-10"  have acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights; to wit the Defendants THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES "1-10" were encouraged to believe that their actions against the Plaintiffs' would be accepted without impunity, just as these actions have been so accepted to date.

53.     As a consequence of the Defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiffs' decedent was deprived of their freedom and physically and emotionally harmed.

54.     As a proximate cause of the INCORPORATED VILLAGE OF LYNBROOK,

12

LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES "1-10" custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiffs, said Plaintiffs were further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to their emotional well being.

55.     That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars.

<strong>AS AND FOR A FIFTH CAUSE OF ACTION<br>42 U.S.C. § 1983 - ABUSE OF PROCESS/MALICIOUS PROSECUTION</strong>

56.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 55 of this complaint with the same force and effect.

57.     The Defendants THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES "1-10" lacked reasonable suspicion to stop and detain the Plaintiffs, and further lacked any probable cause to arrest or retain them in prolonged custody when the police officers became suspicious of Plaintiffs, asked for Plaintiff Sorrell's license and registration, held Plaintiffs in their vehicle for two (2) hours without informing them why they were being detained , and keeping Plaintiffs Sorrell, Rosario and Morency in custody from October 11, 2008 to October 13, 2008 and Plaintiff Williams in custody from October 11, 2008 to October 20, 2008.

58.     Without such probable cause, Defendants wrongfully used physical force to arrest, strip search and detain Plaintiffs.  During said time, Plaintiffs were  physically prevented from leaving the custody and kept there under the supervision and knowledge of the Defendants without access to their freedom, family and home.

13

59.     The false detainment, wrongful arrest, assault, malicious prosecution and other wrongful acts conducted against the Plaintiffs by the Defendants constituted unreasonable and excessive force by police officers, as well as abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth Eighth and Fourteenth Amendment rights. The Defendants negligently and recklessly breached their duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against Georgette Sorrel, Juan Rosario, Donald Morency and Machel Williams , including violations of 42 U.S.C. §§ 1983 and 1985, and substantive and procedural due process infractions.

60.     The continued action taken by the Defendants to prosecute, harass and fully inconvenience Plaintiffs with false criminal charges is an abuse of process, in that the Defendants used the courts and judicial process to harass, intimidate, inconvenience and further damage plaintiffs' decedent, despite no significant evidence for prosecuting baseless charges.

61.     As a result of said abuse of process, Plaintiffs' decedent suffered continued emotional damage, including prolonged stress and anxiety, fear and frustration, and Plaintiffs have been harmed monetarily in that they  incurred attorney fees,  lost wages and other expenses due to the detainment of Plaintiffs.

62.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of two million ($2,000,000.00) dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION
### 42 U.S.C.§ 1985

63.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 62 of  this complaint with the same force and effect.

14

64.     Defendants THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN  DOES "1-10" conspired to deprive Plaintiffs of their Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully stop, falsely detain, unlawfully accuse, wrongfully arrest and falsely imprison the Plaintiffs Rosario, Sorrell and Morency rom October 11, 2008 to October 13, 2008 and imprison Plaintiff Williams from October 11, 2008 to October 20, 2008.

65.     Upon information and belief, the Defendants THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN  DOES "1-10" further deprived the Plaintiffs of their due process rights; specifically by conspiring to prolong the Defendants unlawful detainment without probable cause, investigation, rule of law and by further denying the Plaintiffs' decedent their Fifth Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent Plaintiffs' decedent from being compensated for their wrongful arrest, detainment, and other physical and emotional harm incurred by the decedent.

66.     The actions by Defendants THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN  DOES "1-10" denied the Plaintiffs their due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiffs' decedent  under U.S.C. §§  1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

67.     By assisting in the prolonged detainment and false charging of the Plaintiffs,

THE INCORPORATED VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and

POLICE OFFICER JOHN DOES "1-10" acted in concert and with the shared purpose of denying

Plaintiffs their rights to freedom of movement, protection from unlawful seizure, procedural and

substantive due process, and the right to equal protection under the laws. These rights are guaranteed

to the plaintiff under the Fourth, Fifth, and Fourteenth Amendments, as well as under 42 U.S.C. §§

1983 and 1985.

68.     As a result of said conspiracy by the Defendants, the Plaintiffs has been subjected to

unnecessary and unsubstantiated charges, detention, court appearances, and other due process

violations.

69.     Plaintiffs further suffered severe humiliation, anxiety, fear, emotional and

psychological harm, as a direct result of being detained and in custody for unreasonable and

prolonged periods, manhandled and handcuffed.

70.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of three

million ($3,000,000.00) dollars.


### AS AND FOR A SEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1983 - 4th, 5th, AND 14th AMENDMENTS

71.     Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 70 of

this complaint with the same force and effect.

72.     The Defendants, THE INCORPORATED VILLAGE OF LYNBROOK,

LYNBROOK POLICE DEPARTMENT and POLICE OFFICER JOHN DOES "1-10"" acting under

color of state law, both collectively and individually, have engaged in actions and abuses which have

16

deprived Plaintiffs of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments and other laws in violation of 42 U.S.C. § 1983.

73.     As a direct and proximate result of said acts, Plaintiffs have suffered and continues to suffer loss of employment, loss of income and was forced to suffer distress, humiliation, great pain and suffering.

74.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of three million ($3,000,000.00) dollars.

## AS AND FOR A EIGHTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-74 with the same force and effect as though fully set forth herein.

76.     Defendants acted intentionally and recklessly in their harassing and discriminatory activity against Plaintiffs. Each of the Defendants acted in concert with the other and conspired to violate the rights and otherwise harm the Plaintiff.

77.     Defendants conduct was extreme and outrageous.

78.     As a direct result of Defendant's conduct, Plaintiff has suffered severe emotional distress directly caused by Defendant's actions.

79.     Said emotional harm was exacerbated by the fact that Defendants activities involved the use of derogatory, threatening, and intimidating statements among other tactics of intimidation. Each of defendants acted in concert with the other and conspired to violate the rights

and otherwise harm the Plaintiffs.

80.    By reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars, as well as punitive damages, costs, and attorney's fees.

### AS AND FOR A NINTH COUNT
### NEW YORK STATE CIVIL RIGHTS LAW §40
### HARASSMENT

81.    The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-80 with the same force and effect as though fully set forth herein.

82.    Section 40 states No person shall, because of race, creed, color, national origin, sex, marital status, sexual orientation or disability, as such term is defined in section two hundred ninety-two of the executive law, be subjected to any discrimination in their civil rights, or to any harassment, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state.

83.    Defendants conduct constituted unwanted verbal abuse of the Plaintiffs, all with the intent to annoy, alarm, provoke, harass, and otherwise harm the Plaintiff because of their race.

84.    Each Defendant acted in concert and conspired with each other to violate the rights of and otherwise harm Plaintiff.

85.    As a direct result of these violations and discriminatory acts, Plaintiff suffered harm, to wit, emotional distress, mental anguish, embarrassment, humiliation, inconvenience, anxiety, and frustration.

86.    Accordingly, each Plaintiff seeks compensatory and punitive damages in the sum of not less than one million ($1,000,000) dollars, as well as punitive damages, costs, and attorneys

fees.

## AS AND FOR A TENTH CAUSE OF ACTION:
### ASSAULT
### UNDER PENDENT JURISDICTION
### AGAINST ALL DEFENDANTS

87.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs 1-86 of this complaint with the same force and effect as though each were fully set forth herein.

88.    That at all times herein mentioned, at the aforesaid time and place, Defendant POLICE OFFICERS JOHN DOE 1-10 falsely arrested, seized, detained, confined and unlawfully imprisoned GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY.

89.    That no warrant or legal basis existed for the aforesaid false arrest, seizure, detention, confinement and imprisonment.

90.    That the aforesaid false arrest, seizure, detention, confinement and unlawful imprisonment of GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY was unreasonable, intrusive and in violation of their Constitutional right to be secure in their person and to be free from warrantless search and seizure.

91.    That GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY did not consent to the aforesaid false arrest, seizure, detention, confinement and imprisonment, nor was the aforesaid and warrantless false arrest, seizure, detention, confinement and imprisonment otherwise legal, authorized or privileged.

92.     That at all times herein mentioned, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY conducted themselves in a prudent, peaceful and lawful manner.

93.     That the aforesaid false arrest, seizure, detention, confinement and imprisonment of GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY was unreasonable, intrusive and in violation of his Constitutional rights to be secure in his person and to be free from restraint of movement.

94.     That by reason of Plaintiffs' aforesaid false arrest, seizure, detention, confinement and unlawful imprisonment in a jail setting for more than 3 days for Plaintiffs, GEORGETTE SORRELL and JUANA ROSARIO and 9 days for Plaintiff MACHEL WILLIAMS. Plaintiff DONALD MORENCY was remanded. All Plaintiffs were forced to suffer a reasonable apprehension of imminent physical injury for a prolonged period of time.

95.     That by reason of the aforesaid conduct and actions against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

96.     It was foreseeable and known to all defendants that by reason of the aforesaid conduct and actions against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY, all plaintiffs would suffer either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and would be prevented from attending their usual duties and lifestyles all to their detriment.

20

97.    That at all times herein mentioned, defendants POLICE OFFICERS JOHN DOES 1-10 were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

98.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

99.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

100.    That by reason of said assault caused by GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's unlawful arrest, seizure, detention, confinement and imprisonment and its resulting effects, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) each, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION: BATTERY UNDER PENDENT JURISDICTION AGAINST ALL DEFENDANTS

101.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs 1-100 of this complaint with the same force and effect as though each were fully set forth herein.

102.    That at all times herein mentioned, at the aforesaid time and place, GEORGETTE

21

SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY were battered
by Defendants Police Officers JOHN DOES 1-10, Shield Numbers unknown, while acting separately
and in concert in the course of their duties and functions as employees and agents of defendants
VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT, in that from
approximately October 11, 2008 when said defendants initially subjected Plaintiffs to unlawful
physical contact when they physically and painfully restrained and handcuffed GEORGETTE
SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY against their
will and placed them under arrest without a warrant and without probable cause in violation of well
established ethical and professional standards relating to their employment in law enforcement and
rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth
Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed
under the constitution and laws of the State of New York, until their release from their unlawful
custody on or about October 13, 2009 for Plaintiffs GEORGETTE SORRELL, DONALD
MORENCY and JUANA ROSARIO and on or about October 18, 2009 for Plaintiff MACHEL
WILLIAMS,  said unlawful contact continued on a daily basis.

103.    That GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and
DONALD MORENCY did not consent to the battery and physical contact committed against him,
nor was said battery and physical contact otherwise legal, authorized or privileged.

104.    That no warrant or legal basis existed for the aforesaid arrest, battery and unlawful
physical contact against Plaintiffs.

105.    That GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and
DONALD MORENCY in no way instigated, caused or contributed to the aforesaid battery and

22

physical contact against him.

106.    That at all times herein mentioned, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY conducted himself in a prudent, peaceful and lawful manner.

107.    That the aforesaid battery and physical contact of GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY was unreasonable, intrusive and in violation of his Constitutional right to be secure in his person.

108.    That by reason of the aforesaid battery and physical contact against him, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY has suffered damage and injury.

109.    That by reason of the aforesaid conduct and actions against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY all plaintiffs have suffered physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

110.    That at all times herein mentioned, all defendants were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

111.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

112.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16

of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

113.    That by reason of the aforesaid battery and physical contact used against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY and its resulting effect, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00), together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION:**
**UNLAWFUL IMPRISONMENT**
**UNDER PENDENT JURISDICTION**
**AGAINST ALL DEFENDANTS**

114.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

115.    That at all times herein mentioned, at the aforesaid time and place, defendants police officers JOHN DOES 1-10, Shield Numbers unknown, while acting separately and in concert and in the course of their duties and functions as employees and agents of defendants VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT did intend to confine and imprison GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY.

116.    That at all times herein mentioned, at the aforesaid time and place, said defendants did in fact confine and unlawfully imprison GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY from 3-9 days in a jail setting.

24

117.    That at all times herein mentioned, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY were all conscious and aware of said confinement and unlawful imprisonment.

118.    That GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY and all plaintiffs did not consent to the aforesaid confinement and unlawful imprisonment, nor was the aforesaid confinement and unlawful imprisonment otherwise legal, authorized or privileged.

119.    That no warrant or legal basis existed for the aforesaid confinement and unlawful imprisonment.

120.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY.

121.    That by reason of the aforesaid conduct and actions of defendants, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY was placed in fear for their personal safety and emotional welfare.

122.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

123.    That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's personal safety and emotional welfare.

124.    That by reason of the aforesaid conduct and actions against them, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation,

25

embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

125.    That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

126.    That no reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

127.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

128.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

129.    That at all times herein mentioned, defendants VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT were aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

130.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

131.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

132.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) each plaintiff, together with punitive and exemplary damages against all defendants acting in their personal

26

capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION
## UNDER PENDENT JURISDICTION
## AGAINST ALL DEFENDANTS

132.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

133.    The false arrest, search, seizure, unlawful detention and imprisonment, assault, battery, indictment, malicious prosecution and other wrongful, unjust and unlawful acts conducted against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY and all plaintiffs by defendants POLICE OFFICERS JOHN DOES 1-10 were done without justification, without a warrant or probable cause, in breach of standard police procedures, the rules of ethics governing both law enforcement officers and prosecutors and in violation of Plaintiffs' Constitutional rights under federal and state laws.

134.    Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

135.    Despite easily obtainable proof of Plaintiffs' innocence, defendants initiated an unlawful prosecution and continued to use the courts and judicial process to further harm all plaintiffs despite having knowledge that there was no actual evidence or lawful cause for continuing

27

said unlawful and malicious prosecution.

136.    As a direct result of said malicious prosecution, defendants unlawfully shifted the burden of proof onto all plaintiffs, who suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's of said false and maliciously imposed criminal charges which were intentionally filed and maintained by defendants.

137.    Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to knowingly impose and prosecute false criminal charges against Plaintiff, in a manner intended to do harm without excuse or justification.

138.    Defendants VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT assisted in covering up the misdeeds of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

139.    When said unlawful actions of defendants VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT were uncovered before the court, all criminal charges were dismissed in favor of Plaintiffs.

140.    As a direct result of said unlawful and malicious prosecution, all plaintiffs suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and

28

frustration as a result of being unlawfully forced to clear GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY of said false and maliciously imposed criminal charges in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

141.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

142.    That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's personal safety.

143.    That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

144.    That no warrant or legal basis existed for the aforesaid conduct and actions taken against the plaintiffs.

145.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

146.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

147.    That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

148.    That at all times herein mentioned, defendants VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT approved, condoned and/or ratified the complained of

29

conduct committed by their agents and/or employees.

149.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

150.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

151.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) each plaintiff, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

### AS AND FOR AN FOURTEENTH CAUSE OF ACTION:
### ABUSE OF PROCESS
### UNDER PENDENT JURISDICTION
### AGAINST ALL DEFENDANTS

152.    Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though each were fully set forth herein.

153.    The false arrest, unlawful detention and imprisonment, assault, battery, malicious prosecution and other wrongful acts conducted against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY by defendants VILLAGE OF LYNBROOK, LYNBROOK POLICE DEPARTMENT and POLICE OFFICERS JOHN DOES 1-10

30

constituted an abuse of process, abuse of authority, breach of standard police procedures, ethical and

professional standards, violations of numerous state and federal laws and violated Constitutional

rights guaranteed by federal and state laws to all plaintiffs in this action.

154.    Said abuse of process is further evidenced by the defendants' refusal to adequately

investigate the identity and/or whereabouts of Plaintiffs, the circumstances and the accuracy of the

charges filed against him, and to properly review and investigate the actions of defendant agents

and/or employees for their unjust and unlawful actions.

155.    Defendants failed to investigate and verify both the veracity of Plaintiff's repeated

claims that he was not involved in the alleged crime and the overwhelming and easily obtainable

evidence supporting Plaintiff's innocence.

156.    Defendants failed to investigate and verify both the veracity of Plaintiffs repeated

claims that they were not involved in the alleged crime and the overwhelming and easily obtainable

evidence supporting Plaintiff's innocence.

157. Defendants, acting individually and severally, each failed to sufficiently investigate

whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to

knowingly impose and continued to impose false criminal charges upon the Plaintiff notwithstanding

conclusive proof and evidence within their possession of his innocence.

158.    Defendants thereby employed regularly issued criminal process against

GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY

in violation of well established ethical and professional standards relating to their employment in law

enforcement and in violation of rights, privileges and immunities guaranteed by the U.S.

Constitution and various rights, privileges and immunities guaranteed under the constitution and

31

laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

159.   Said criminal process was perverted by defendants VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT and POLICE OFFICERS JOHN DOES 1-10 to obtain the collateral objective of securing an unlawful indictment and then covering up the prior unlawful actions of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

160.   Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

161.   As a direct result of said abuse of process, all plaintiffs have suffered emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY of said false and maliciously imposed criminal charges.

162.   That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

163.   That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed  in fear for GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's  personal safety.

164.   That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

32

165.    That no warrant or reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

166.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

167.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

168.    That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

169.    That at all times herein mentioned, defendants VILLAGE OF LYNBROOK AND LYNBROOK POLICE DEPARTMENT approved, condoned and/or ratified the complained of conduct committed by its agents, servants and/or employees.

170.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

171.    That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

172.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) each plaintiff, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## DAMAGES AND RELIEF

**WHEREFORE**, the Plaintiffs each request the following damages and relief:

a.      On the First Count in the sum of one million ($1,000,000) dollars;

b.      On the Second Count in the sum of one million ($1,000,000) dollars;

c.      On the Third Count in the sum of one million ($1,000,000)dollars;

d.      On the Fourth Count in the sum of one million ($1,000,000) dollars;

e.      On the Fifth Count in the sum of two million ($2,000,000) dollars;

f.      On the Sixth Count in the sum of three million ($3,000,000) dollars;

g.      On the seventh Count in the sum of two million ($3,000,000) dollars;

h.      On the Eighth Count in the sum of  one million ($1,000,000) dollars;

i.      On the Ninth Count in the sum of one million ($1,000,000) dollars;

j.      On the Tenth Count in the sum of one million ($1,000,000) dollars;

k.      On the Eleventh Count in the sum of one million ($1,000,000) dollars;

l.      On the Twelfth Count in the sum of one million ($1,000,000) dollars;

m.      On the Thirteenth Count in the sum of one million ($1,000,000) dollars;

n.      On the Fourteenth Count in the sum of one million ($1,000,000) dollars;

o.      Compensatory and Punitive damages, as outlined in the aforementioned paragraphs and counts, as well as costs and attorneys fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 3612, and as otherwise allowed by law; and,

p.      Any and all other relief this Court deems appropriate and just.

Dated: Hempstead, New York
       January 5, 2010

34

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By: _____

FREDERICK K. BREWINGTON (FB5295)
*Attorneys for Plaintiffs*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959

35