UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GEORGETTE SORRELL, JUANA ROSARIO,          DOCKET NO.: CV-10-0049(DRH)
MACHEL WILLIAMS, and DONALD MORENCY,

                Plaintiffs

      -against-                                          **AMENDED**
                                            **COMPLAINT**

THE COUNTY OF NASSAU, THE INCORPORATED
VILLAGE OF LYNBROOK, POLICE OFFICER
PATRICK J. HAHL in his official and individual
capacity, POLICE OFFICER PETER R. FESTA, in his
official and individual capacity, POLICE OFFICER
BRIAN PALADINO, in his official and individual
capacity, POLICE OFFICER BRIAN R.
CUNNINGHAM, in his official and individual capacity,
POLICE OFFICER ERIC BRUEN, in his official and
individual capacity, POLICE OFFICER MARISSA D.
STORK, in her official and individual capacity,
DETECTIVE GREG M. ARENA, in his official
and individual capacity and DETECTIVE ROBERT J.
LASHINSKY, in his official and individual capacity,

                Defendants.                        ***JURY TRIAL DEMANDED***

-------------------------------------------------------------------X


    **PLAINTIFFS GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS**

**and DONALD MORENCY (hereinafter referred to collectively as "Plaintiffs"),** by and through

their attorneys, the LAW OFFICES OF FREDERICK K. BREWINGTON, as and for their Amended

Complaint by grant of the Court, states and alleges the following claims against the above-named

Defendants:

## PRELIMINARY STATEMENT

1.       Prior hereto, Plaintiff filed a Complaint on January 6, 2010.  This is an amendment of that Complaint which is done pursuant to Order of this Court, *Sorell v. Inc. Vill. of Lynbrook*, 2012 U.S. Dist. LEXIS 77303, dated June 4, 2012, by United States Senior District Judge Denis R. Hurley.  This is a civil action seeking monetary relief from the Incorporated Village of Lynbrook, Police Officers HAHL, FESTA, CUNNINGHAM, PALADINO, BRUEN (collectively referred to as "Lynbrook Defendants"), Nassau County, Nassau County Police Detectives ARENA and LASHINSKY, and Nassau County Police Officer STORK (collectively referred to as "Nassau County Defendants") for committing acts under color of law and depriving Plaintiffs of rights secured by the Constitution and laws of the United States and the State of New York. Plaintiffs allege that Defendants used unnecessary force, inflicted physical and emotional harm, and negligently, intentionally, and without cause, falsely arrested and falsely imprisoned Plaintiffs, causing physical harm and pain and suffering, all in violation of their constitutional and civil rights.

## JURISDICTION AND VENUE

2.       This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and the First, Fifth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke pendent jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

3.       Prior hereto, Plaintiffs filed a motion to file a late Notice of Claim in compliance with General Municipal Law § 50 et. seq. and CPLR 215. That motion was granted and the Notice of Claim was deemed filed *nunc pro tunc.*

4.     Venue for this action is the Eastern District of New York based on the place and occurrence of the actions complained of herein.

## PARTIES

5.     Plaintiffs, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY (hereinafter referred to collectively as "the Plaintiffs") are all Black, African Americans, and at all relevant times to this Complaint resided in Suffolk County, New York.

6.     Upon information and belief, Defendant THE INCORPORATED VILLAGE OF LYNBROOK (hereinafter "Defendant Village") is or was at all relevant times a municipal corporation organized and existing under the laws of the State of New York, located at One Columbus Drive, Lynbrook, New York 11563 in the Town of Hempstead.

7.     Upon information and belief, Defendant NASSAU COUNTY is or was at all relevant times a municipal corporation organized and existing under the laws of the State of New York.

8.     Upon information and belief, Defendant POLICE OFFICER PATRICK J. HAHL (Hereinafter "POLICE OFFICER HAHL") was at all relevant times employed by the Incorporated Village of Lynbrook as police officer for the Lynbrook Police Department. He is sued in his individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

9.     Upon information and belief, Defendant POLICE OFFICER BRIAN PALADINO (Hereinafter "POLICE OFFICER PALADINO") was at all relevant times employed by the Incorporated Village of Lynbrook as police officer for the Lynbrook Police Department. He is sued in his individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

3

10.     Upon information and belief, Defendant POLICE OFFICER PETER R. FESTA (Hereinafter "POLICE OFFICER FESTA") was at all relevant times employed by the Incorporated Village of Lynbrook as police officer for the Lynbrook Police Department. He is sued in his individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

11.     Upon information and belief, Defendant POLICE OFFICER BRIAN R. CUNNINGHAM (Hereinafter "POLICE OFFICER CUNNINGHAM") was at all relevant times employed by the Incorporated Village of Lynbrook as police officer for the Lynbrook Police Department. He is sued in his individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

12.     Upon information and belief, Defendant POLICE OFFICER ERIC BRUEN (Hereinafter "POLICE OFFICER BRUEN") was at all relevant times employed by the Incorporated Village of Lynbrook as police officer for the Lynbrook Police Department. He is sued in his individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

13.     Upon information and belief, Defendant POLICE OFFICER MARISSA D. STORK (Hereinafter "POLICE OFFICER STORK") was at all relevant times employed by the County of Nassau as police officer for the Nassau County Police Department. She is sued in her individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

14.     Upon information and belief, Defendant DETECTIVE GREG M. ARENA (Hereinafter "DETECTIVE ARENA") was at all relevant times employed by the County of Nassau as police detective for the Nassau County Police Department. He is sued in his individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

4

15.     Upon information and belief, Defendant DETECTIVE ROBERT J. LASHINSKY (Hereinafter "DETECTIVE LASHINSKY") was at all relevant times employed by the County of Nassau as detective for the Nassau County Police Department." He is sued in his individual and official capacity. At all time relevant hereto, Defendant acted or purported to act under color of law.

16.     Upon information and belief each of the Defendants named herein are white.

## FACTUAL ALLEGATIONS

17.     On or about October 11, 2008, at or about 9:00 p.m., while lawfully driving a white 1994 four-door Honda Accord in Lynbrook, heading south on Peninsula Boulevard, Plaintiffs were stopped by LYNBROOK Defendants. Plaintiff SORRELL was driving and Plaintiffs MORENCY, WILLIAMS and ROSARIO were passengers in the stopped vehicle. LYNBROOK Defendants informed Plaintiff SORRELL that the vehicle she was driving fit the description of a similar vehicle involved in a criminal incident that night.

18.     LYNBROOK Defendants did not provide a description of the vehicle they were allegedly seeking, nor did they indicate whether Plaintiffs fit the description of the person(s) that were reportedly operating the vehicle. Furthermore, no indication was given as to where the incident took place or at what time.

19.     Upon information and belief, Plaintiffs were improperly profiled by LYNBROOK Defendants and assumed to be part of the group of individuals that were part of the alleged criminal activity simply because Plaintiffs were African American.

20.     When prompted, Plaintiff SORRELL gave her license and registration and the LYNBROOK Defendants took the passengers' identification. By this time Defendant NASSAU DETECTIVES GREG ARENA and ROBERT LASHINSKY responded to the scene. Plaintiffs were

forced to remain at the point of the stop for over two hours. Plaintiffs were ordered out of the car and told to stand in a line as a police cruiser carrying two individuals in the backseat slowly drove by.

21.     Shortly after, Plaintiff MORENCY was instructed to sit on the curb and Plaintiffs WILLIAMS and ROSARIO were put into a detective's car. LYNBROOK Defendants handcuffed Plaintiffs and told Plaintiffs that everything would be resolved at the Precinct. Without a warrant or the permission of Plaintiffs, Plaintiff SORRELL'S car was subsequently searched by both the LYNBROOK and NASSAU Defendants.

22.     The Plaintiffs were brought to the Fifth Precinct of the Nassau County Police Department by the Defendants. Once the Plaintiffs arrived at the Fifth Precinct, Plaintiff SORRELL was placed in a separate room for questioning. Defendant LYNBROOK Defendants placed all the cellular phones found in the vehicle before Plaintiff SORRELL. Without the consent of the Plaintiffs, the LYNBROOK and NASSAU Defendants searched the contents of each of the Plaintiffs' cellular phones.

23.     Plaintiffs MORENCY, ROSARIO and WILLIAMS were placed in separate holding cells while Plaintiff SORRELL was questioned. Each plaintiff was interrogated by Defendants. The LYNBROOK Defendants proceeded to take a series of Polaroid photographs of the items collected and of the Plaintiffs.

24.     The LYNBROOK Defendants ridiculed the Plaintiffs while celebrating the unlawful arrest. They made comments about the Plaintiffs belongings and the way Plaintiffs spoke, some of which were racially charged.

25.     The LYNBROOK and NASSAU Defendants made comments regarding Plaintiff SORRELL'S jewelry, asking if it had been reported stolen. While questioning Plaintiff WILLIAMS,

Plaintiff WILLIAMS objected to the manner in which he was treated and attempted to explain the events that took place that evening. In response, the LYNBROOK and NASSAU Defendants condescendingly stated, "and I see we got ourselves a lawyer."

26.     The Plaintiffs repeatedly inquired as to the reasons for their detention, and requested permission to use a telephone. Defendants never responded to their inquiries, but made sarcastic comments, such as, "you would be able to use the phone if you weren't out robbing people," and denied Plaintiffs' requests to use the telephone.

27.     Without a warrant or permission, Defendants searched Plaintiff SORRELL'S car on several occasions throughout the night, causing her car alarm to sound each time. Defendants impounded Plaintiff SORRELL'S vehicle and vandalized it. Furthermore, Plaintiff SORRELL'S Samsung cellular phone, valuing at approximately $400.00, was never returned by Defendants.

28.     Although there was no individualized suspicion that any of the Plaintiffs were secreting contraband on their person, Defendant NASSAU POLICE OFFICER STORK was instructed by Defendants to conduct an unlawful strip search of Plaintiffs SORRELL and ROSARIO. Plaintiff SORRELL was not told about the search process or why it was being done. When Plaintiff SORRELL arrived at the Fifth Precinct, Plaintiff Sorrell had to completely disrobe. Plaintiff SORRELL objected to the unlawful practice and informed the female officer that she refused to disrobe. It was at that time that Plaintiff SORRELL was informed for the first time, that all Plaintiffs were under arrest. Plaintiffs SORRELL and ROSARIO were then subjected to an unlawful strip search that both humiliated and psychologically harmed said Plaintiffs. To further add to the humiliation of the ordeal, Defendants informed Plaintiffs SORRELL and ROSARIO that they were not permitted to use the bathroom without a female officer present, and that a female officer would

not be called even for that purpose.

29.     Plaintiffs were interrogated for about 12 hours, during which they were subjected to verbal abuse by Defendants.  Defendants harassed and made demeaning comments to Plaintiff SORRELL on whether or not some of Plaintiff SORRELL's jewelry actually belonged to her. During the interrogation, Plaintiffs were not afforded any rights to counsel or any others enumerated under the 5th and 6th Amendments. Then, Plaintiffs were taken to headquarters and held their for approximately 24 hours there.

30.     Plaintiffs were told by Defendants that they would be arraigned on Sunday, October 12, 2008. However, Plaintiffs were not arraigned until Monday, October 13, 2008. Plaintiff SORRELL was released on October 13, 2008 on $5,000.00 bail. Plaintiff ROSARIO was released on her own recognizance. Plaintiff MORENCY, who had been home on a work release program furlough was remanded. Plaintiff WILLIAMS, unable to make bail, was held for nine (9) days at the Nassau County Correctional Facility. Accordingly, despite their innocence, Plaintiffs remained in jail for a period of time.

31.     Defendants ARENA and LASHINSKY actively instigated and encouraged the baseless prosecution of the Plaintiffs. On or about October 11, 2008, Plaintiffs SORRELL, ROSARIO, WILLIAMS, and MORENCY were arrested and charged under Docket No.:2008NA026638, Docket No.: 2008NA026645, Docket No.: 2008NA026646, and Docket No.: 2008NA026639 respectively, with violating Penal Law §160.10(1), Robbery in the Second Degree, a Class C felony. A conviction under Penal Law §160.10(1) carries with it a potential penalty of three and a half (3.5) years to fifteen (15) years incarceration.

32.     The charges were primarily based on the testimony of Police Officer HAHL and Detective LASHINKSY as complaining witnesses. The Defendants pursued the robbery charge against Plaintiffs despite factual realities that made it impossible for Plaintiffs to be the alleged perpetrators.

33.     Furthermore, LYNBROOK Defendants conducted a show up where Plaintiff SORRELL'S vehicle was stopped. The show up was suggestive in that the victim was asked to identify four individuals who were the Plaintiffs, and were surrounded by police as the perpetrators. Had the Defendant Police Officers conducted a line up, the Plaintiffs would have been protected against a wrongful identification. Nevertheless, the female victim only identified three of the four Plaintiffs, SORRELL, ROSARIO and WILLIAMS. Plaintiff DONALD MORENCY was not identified by the female victim at the show up.

34.     Since Plaintiff DONALD MORENCY was not identified by the female victim, Plaintiff should have been released immediately.  However, Plaintiff MORENCY was sent to prison for three months upstate.  Because of this pending action against Plaintiff MORENCY, Plaintiff MORENCY's participation in a work-release program was temporarily suspended until the case was adjudicated.

35.     Defendant Detectives LASHINSKY and ARENA then proceeded to do a photo pack with the male victim. Instead of doing a photo pack of Plaintiff DONALD MORENCY, the one individual not identified by the female victim in the earlier show up, the Detectives asked the male victim to identify the perpetrator from a group of pictures which included a photo of Plaintiff MACHEL WILLIAMS, even though Plaintiff WILLIAMS had already been identified in the earlier show up. Plaintiff DONALD MORENCY, who was never identified by the female victim, was never

identified by the male victim, yet Plaintiff MORENCY was kept under unlawful arrest.

36.     According to Assistant District Attorney Zeena Abdi in the Dismissal Memo, "the initial description that was broadcast over the radio and given by Trisha Marcello to the Lynbrook police, was of two female blacks and one male black. According to the victim, one female black was in her twenties, wearing jeans and a white shirt, and had "nappy hair worn up." The other female black was also in her twenties wearing a "pink shirt, jeans, a lot of jewelry" and also had "short nappy hair worn up." She described the male as tall and "chubby" wearing all black and a "black doo rag."

37.     The description of the assailants did not match the Plaintiffs. As the Assistant District Attorney iterates, "neither of the women [Sorrell or Rosario] were wearing a pink shirt;" one woman was wearing a white shirt with pink lettering and the other was wearing a black shirt and a dark blue sweatshirt." Furthermore, "neither of the two females had on visible jewelry nor were they wearing their hair up." In spite of these glaring factual differences between the Plaintiffs and the perpetrators, Defendant Police Officers and Detectives detained the Plaintiffs.

38.     In addition to not fitting any of the descriptions given by the complaining witnesses, Plaintiff MORENCY was not even identified by the victims, yet he was arrested, detained and continually falsely accused.

39.     As the Miscellaneous Report/Case Analysis prepared by Nassau County details, "none of the witnesses identify [Plaintiff] Morency as one of the perpetrators..." and that they "discussed with the detective that the robbery charge against defendant Morency may be difficult in light of the above but Detective Lashinsky indicated that he was charging [Morency] and that [the Detective] understood the issues involved."

40.     Furthermore, Assistant District Attorney Zeena Abdi wrote in the Dismissal Memo that "defense counsel Jim McDonough advised [her] that there was a surveillance video at an Exxon Gas Station in Holtsville where the defendants stopped on the night of October 11, 2008. Holtsville is approximately 40-42 miles from the scene of the robbery...the surveillance video establishes that the defendants were in Holtsville, Suffolk County at 8:27 p.m., making it factually impossible to be 40 miles away in Lynbrook at 8:40 p.m., which is the time of the robbery." All charges were dismissed against all Plaintiffs on January 27, 2009, after defendants' private investigator obtained a video of Plaintiff's car at a gas station forty (40) miles away at the time of robbery.

41.     On the basis of unlawful discrimination by Defendants acting under the color of law, Plaintiffs assert the following causes of action against Defendants:

**AS AND FOR A FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 - FALSE ARREST**

42.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 41 of this complaint with the same force and effect.

43.     The accusations of wrongful conduct against Plaintiffs were improper and false, and were an attempt to disguise the Defendants, THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY,  LYNBROOK POLICE OFFICERS HAHL, CUNNINGHAM, FESTA, BRUEN, and PALADINO, and NASSAU DETECTIVES ARENA, LASHINSKY and POLICE OFFICER STORK in their official and individual capacities, animosity towards the Plaintiffs, causing a deprivation of their rights, privileges, and/or immunities secured by the Constitution and laws.

44.     Under color of the law, the Defendants deprived the Plaintiffs of their Fifth, Sixth and Fourteenth Amendment rights not to be deprived of life, liberty, or property without due process of

law, and of their Fourth Amendment right to be free from unlawful searches and seizures by falsely arresting, wrongfully detaining, unlawfully assaulting, unconstitutionally conducting a strip search, and falsely charging the Plaintiffs with criminal charges for which there is no evidence or substantiation of any kind.

45.   The accusations of wrongful actions leveled against the Plaintiffs were false and an attempt to cover up the false arrest, malicious prosecution and abuse of process which had been inflicted by Defendants on Plaintiffs.  Defendants lacked probable cause to arrest Plaintiffs.

46.   Such actions were intentional, negligent, reckless, callous, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiffs to the use of excessive force by conducting an unlawful strip search, false arrest and summary punishment, but failed to prevent the same, all in violation of 42 U.S.C §1983.

47.   The Defendants acted under color of law to deny the Plaintiffs their Constitutional rights of due process and freedom from seizure by wrongfully detaining them under the threat of imprisonment without providing any reasonable basis or investigation warranting prosecution, or other due process guarantees secured to the Plaintiffs.  The Defendants detained the Plaintiffs without any probable cause, therefore lacking proper legal authority.

48.   As a consequence of Defendants' wrongful actions, negligent behavior, and violation of  federal and state laws, Plaintiffs were deprived of their freedom, made to suffer injuries, and subjected to great fear, terror, personal humiliation, and degradation.  Plaintiffs continued to suffer mental and emotional distress, as well as physical pain as a result of the aforesaid unlawful conduct of the Defendants until their release.

49.   That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983 - FALSE IMPRISONMENT

50.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 49 of this complaint with the same force and effect.

51.     The accusations of wrongful conduct against Plaintiffs were improper and false, and were an attempt to disguise the Defendants, THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL, CUNNINGHAM, FESTA, PALADINO, and BREUN, and NASSAU DETECTIVES ARENA and LASHINSKY, and NASSAU POLICE OFFICER STORK in their official and individual capacities, animosity towards the Plaintiffs, causing a deprivation of their rights, privileges, and/or immunities secured by the Constitution and laws.

52.     The Defendants, THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL, CUNNINGHAM, FESTA, PALADINO, and BRUEN and NASSAU DETECTIVES ARENA and LASHINSKY and NASSAU POLICE OFFICER STORK in their official and individual capacities, lacked probable cause to arrest or detain Plaintiffs in prolonged physical custody for a period of time from October 11, 2008  to October 13, 2008 for Plaintiffs SORRELL and ROSARIO, from October 11, 2008 to October 20, 2008 for Plaintiff WILLIAMS, and from October 11, 2008 to late January 2009 for Plaintiff Morency.

53.     The wrongful stop and false detention of the Plaintiffs by the Defendants were committed under color of law, customs, and statutes of the State of New York.

54.     The Defendants acted under color of the law to deny the Plaintiffs their Constitutional rights to equal protection, due process, and freedom from seizure by wrongfully detaining the

13

Plaintiffs at the Fifth Precinct, and wrongfully charging them and holding them under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the Plaintiffs by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

55.     Such violations were continued by the Defendants in their refusal to adequately investigate the false charges against the Plaintiffs and to properly review and investigate the actions of Defendants against the Plaintiffs. Specifically, Defendants failed to investigate and verify the veracity of the Plaintiffs' claims. Despite the lack of a significant hearing, the Defendants failed to consider the substantial evidence supporting Plaintiffs' innocence – scientific evidence, official reports, governmental determinations, consistent testimony, and the blatant lack of any probable cause for wrongly stopping, detaining, and arresting Plaintiffs.

56.     Despite the information known to the Defendants at the time of the car stop, the Defendants willfully detained Plaintiffs SORRELL, ROSARIO, WILLIAMS, and MORENCY for over two hours before being brought over to the Fifth Precinct. Plaintiffs repeatedly asked for an explanation of the situation, but the Defendants never offered any significant response.  When Plaintiffs arrived at the Fifth Precinct, Plaintiffs had to endure harassment and degrading questioning by the Defendants before being placed in holding cells.  The Defendants never offered to free Plaintiffs, never read the Plaintiffs their Miranda rights, and Plaintiffs never consented to their imprisonment. Although the Defendants made the arrests of Plaintiffs under color of New York law, the Defendants lacked the authority of law to do so – there was no probable cause or reasonable suspicion to take Plaintiffs into custody.

57.     As a consequence of Defendants' wrongful actions, negligent behavior, and violation of state and federal laws, Plaintiffs were deprived of their freedom, made to suffer injuries,

14

and were subjected to great fear, terror, personal humiliation and degradation, and still continue to suffer physical pain, mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants until their release.

58.    That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983 - UNREASONABLE SEARCH AND SEIZURE CLAIM

59.    Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 58 of this complaint with the same force and effect.

60.    The unlawful arrest conducted against the Plaintiffs by Defendants THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL, CUNNINGHAM, FESTA, BRUEN and PALADINO, and NASSAU DETECTIVES ARENA, LASHINSKY and POLICE OFFICER STORK in their official and individual capacities, constituted an unreasonable search and seizure by the police officers as well as abuse of process. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty not to subject Plaintiffs to any unnecessary search and seizure, but failed to prevent the same, and breached their duty.

61.    As a consequence of Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiffs were deprived of their freedom, were subjected to great fear, terror, personal humiliation and degradation, and suffered great mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants.

62.    Defendant failed to have any reasonable basis in order to establish a reason for a warrantless strip search.  Reasonable suspicion that the Plaintiffs were concealing weapons or other

contraband must be present to support a warrantless strip search.  There was no reasonable suspicion that the Plaintiffs were concealing weapons or other contraband.  Defendant POLICE OFFICER STORK strip searched Plaintiffs SORRELL and ROSARIO even though there was no individualized suspicion that any of the Plaintiffs were secreting contraband on their person.

63.     That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## 42 U.S.C. § 1983- MUNICIPAL LIABILITY

64.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 63 of this complaint with the same force and effect.

65.     By actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs' decedent, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiffs against illegal search and seizure, physical abuse, detained custody and other due process violations.  Said rights are guaranteed to the Plaintiffs by 42 U.S.C. § 1983, and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

66.     Both before and after January 27, 2009, THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL, CUNNINGHAM, FESTA, BRUEN and PALADINO, and NASSAU DETECTIVES ARENA, LASHINSKY and POLICE OFFICER STORK in there official and individual capacities, have systematically failed to identify the improper abuse, misuse, violative acts by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision, and/or restraint.

67.     Upon information and belief, specific systemic flaws in THE INCORPORATED

VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL,

CUNNINGHAM, FESTA,  PALADINO, and BRUEN, and NASSAU DETECTIVES ARENA,

LASHINSKY and POLICE OFFICER STORK in there official and individual capacities, the

misconduct review process include but are not limited to the following:

a.      Preparing reports regarding investigations of unwarranted incidents as routine point-
        by-point justification of the police officers actions regardless of whether such actions
        are justified;

b.      Police officers investigating unwarranted incidents systematically fail to credit
        testimony by non-police officer witnesses and uncritically rely on reports by police
        officers involved in the incident;

c.      Police officers investigating unwarranted incidents fail to include in their reports
        relevant factual information which would tend to contradict the statements of the
        police officer involved;

d.      Supervisory police officers exonerate police officers for misconduct and abuse of
        process before the investigation of the incident by the police department has been
        completed;

e.      Reports in brutality cases are not reviewed for accuracy by supervisory officers.
        Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or
        contradictory information.

f.      The Village of Lynbrook and County of Nassau hastily accepts the allegations of
        police in light of clear evidence of innocence, and accepts the allegations as provided
        from police reports regarding excuses for abuses and civil rights infringements,
        despite strong evidence to suggest that the police reports are inaccurate, untruthful,
        and meant to conceal blatant police misconduct.

68.     Said cover-up by the Defendants, both before and after January 27, 2009, THE

INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE

OFFICERS HAHL, FESTA, PALADINO, CUNNINGHAM, and BRUEN and NASSAU

DETECTIVES ARENA and LASHINSKY and POLICE OFFICER STORK was executed in this

case where the Defendants failed to sufficiently investigate Plaintiffs and instead acted under color of statute to knowingly impose false criminal charges upon the Plaintiffs.

69.     By permitting and assisting such a pattern of police misconduct, THE INCORPORATED VILLAGE OF LYNBROOK, and POLICE OFFICERS HAHL, FESTA, PALADINO, CUNNINGHAM, BRUEN and STORK have acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights; to wit the Defendants THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, and POLICE OFFICERS HAHL, FESTA, PALADINO, CUNNINGHAM, BRUEN, and STORK, and NASSAU DETECTIVES LASHINSKY and ARENA were encouraged to believe that their actions against the Plaintiffs would be accepted without impunity, just as these actions have been so accepted to date.

70.     As a consequence of the Defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiffs' decedent was deprived of their freedom and physically and emotionally harmed.

71.     As a proximate cause of the THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL, CUNNINGHAM, FESTA, PALADINO, CUNNINGHAM, and BRUEN, and NASSAU DETECTIVES ARENA, LASHINSKY and POLICE OFFICER STORK custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiffs, said Plaintiffs were further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to their emotional well being.

72.     That by reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 - ABUSE OF PROCESS/MALICIOUS PROSECUTION

73.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 72 of this complaint with the same force and effect.

74.     The Defendants THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL, CUNNINGHAM, FESTA, BRUEN, and PALADINO, and NASSAU DETECTIVES ARENA, LASHINSKY and POLICE OFFICER STORK lacked reasonable suspicion to stop and detain the Plaintiffs, and further lacked any probable cause to arrest or retain them in prolonged custody when the police officers became suspicious of Plaintiffs, asked for Plaintiff Sorrell's license and registration, held Plaintiffs in their vehicle for two (2) hours without informing them why they were being detained, and keeping Plaintiffs SORRELL, ROSARIO, MORENCY and WILLIAMS in custody from October 11, 2008 to October 13, 2008 and Plaintiff Williams in custody from October 11, 2008 to October 20, 2008.

75.     Without such probable cause, Defendants wrongfully used physical force to arrest, strip search and detain Plaintiffs. During said time, Plaintiffs were physically prevented from leaving the custody and kept them under the supervision and knowledge of the Defendants without access to their freedom, family and home.

76.     The false detainment, wrongful arrest, assault, malicious prosecution and other wrongful acts conducted against the Plaintiffs by the Defendants constituted an unreasonable search and seizure by police officers, as well as abuse of process, abuse of authority, breach of police procedures, and violations of the Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights. The Defendants negligently and recklessly breached their duty to prevent the commission of the civil rights violations perpetrated against Georgette Sorrel, Juan Rosario, Donald Morency and Machel

19

Williams, including violations of 42 U.S.C. § 1983, as well as substantive and procedural due process infractions.

77.    Defendants were aware that the actions taken against the Plaintiffs were unnecessary, however, the Defendants continued to harass, intimidate, and prosecute the Plaintiffs. There was an absolute lack of probable cause to arrest and retain the Plaintiffs in custody.  Defendant DETECTIVES ARENA and LASHINSKY encouraged the baseless prosecution of the Plaintiffs for robbery.  Defendant DETECTIVE LASHINSKY insisted that plaintiffs be charged even though Defendant DETECTIVE LASHINSKY was aware of problems with the witness identifications of Plaintiff MORENCY, and that Plaintiffs SORRELL and ROSARIO did not match the descriptions of the suspects given to police on the night of the arrest.  It is apparent that at least two of the Defendant DETECTIVES exhibited actual malice toward the Plaintiffs in encouraging and instigating this baseless prosecution.

78.    Further, the cases against all Plaintiffs were dismissed after evidence of the Plaintiffs' exact location at the time of the robbery, which was known to Defendants at the time of their arrest, made it impossible for the Plaintiffs to commit the crime.

79.    The continued action taken by the Defendants to prosecute, harass and fully inconvenience Plaintiffs with false criminal charges is an abuse of process, in that the Defendants used the courts and judicial process to harass, intimidate, inconvenience and further damage plaintiffs' decedent, despite no significant evidence for prosecuting baseless charges.

80.    As a result of said abuse of process, Plaintiffs' decedent suffered continued emotional damage, including prolonged stress and anxiety, fear and frustration, and Plaintiffs have been harmed monetarily in that they  incurred attorney fees,  lost wages and other expenses due to the detainment of Plaintiffs.

81.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of two million ($2,000,000.00) dollars or more as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
### 42 U.S.C. § 1983 - 4th, 5th, AND 14th AMENDMENTS

82.     Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1 through 81 of this complaint with the same force and effect.

83.     The Defendants, THE INCORPORATED VILLAGE OF LYNBROOK, NASSAU COUNTY, LYNBROOK POLICE OFFICERS HAHL, FESTA, PALADINO, BRUEN and CUNNINGHAM, NASSAU DETECTIVES LASHINSKY and ARENA, and POLICE OFFICER STORK, acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiffs of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments and other laws in violation of 42 U.S.C. § 1983.

84.     Plaintiffs were stopped in Lynbrook not because their vehicle fit the description of one used in an earlier robbery, and not because they fit the physical description, but because Plaintiffs were profiled and arrested on account of their being African Americans. Subsequent to the vehicle stop, Lynbrook Defendants conducted a show up that was impermissibly suggestive, as the victim was asked to identify four individuals surrounded by police as the perpetrators. This was a clear violation of Plaintiffs' due process rights protected by both the Fifth and Fourteenth Amendments.

85.     As a direct and proximate result of said acts, Plaintiffs have suffered and continue to suffer loss of employment, loss of income and have suffered distress, humiliation, great pain and suffering.

86.     That by reason of the foregoing, Plaintiffs have been damaged in the sum of three million ($3,000,000.00) dollars or more, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87.     The Plaintiffs repeat and reiterate the allegations set forth in paragraphs 1-86 with the same force and effect as though fully set forth herein.

88.     The LYNBROOK Defendants acted intentionally and recklessly in their harassing and discriminatory activity against Plaintiffs. Each of the Defendants acted in concert with the other and conspired to violate the rights and otherwise harm the Plaintiff.

89.     The LYNBROOK Defendants harassment and constant ridicule of Plaintiffs was extreme and outrageous.

90.     As a direct result of the LYNBROOK Defendants' conduct, Plaintiff s have suffered severe emotional distress directly caused by Defendants' actions.

91.     Said emotional harm was exacerbated by the fact that the LYNBROOK Defendants activities involved the use of derogatory, threatening, and intimidating statements among other tactics of intimidation.  Each of the LYNBROOK defendants acted in concert with the other and conspired to violate the rights and otherwise harm the Plaintiffs.

92.     By reason of the foregoing, each Plaintiff has been damaged in the sum of one million ($1,000,000.00) dollars or more, as well as punitive damages, costs, and attorney's fees.

## AS AND FOR A EIGHTH CAUSE OF ACTION:
## ASSAULT UNDER PENDENT JURISDICTION
## AGAINST LYNBROOK DEFENDANTS

93.     Plaintiffs repeat and reiterate each and every allegation contained in the foregoing paragraphs 1-92 of this complaint with the same force and effect as though each were fully set forth

herein.

94.     Plaintiffs were subjected to unnecessary touching handcuffing and the threat of being contacted, where no warrant or legal basis existed for their false arrest, seizure, detention, confinement and imprisonment. Each and every Plaintiff mentioned was handcuffed one or more times.

95.     The aforesaid violations created great apprehension within the Plaintiffs. Plaintiffs were suddenly stopped and detained by Defendants without much explanation. Plaintiffs were only told that they were somehow connected to a robbery that occurred earlier. When Plaintiffs arrived at the Fifth Precinct, they were harassed by Defendants and subjected to intrusive strip searches.

96.     Throughout their captivity, all Plaintiffs were forced to suffer a reasonable apprehension of imminent physical injury for a prolonged period of time.

97.     That at all times herein mentioned, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY conducted themselves in a prudent, peaceful and lawful manner.

98.     That by reason of the aforesaid conduct and actions against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to their detriment.

99.     It was foreseeable and known to all defendants that by reason of the aforesaid conduct and actions against GEORGETTE SORRELL,   JUANA ROSARIO,   MACHEL WILLIAMS and DONALD MORENCY, all plaintiffs would be in apprehension of imminent physical contact and would suffer the injuries that they did.  Despite the Defendants' reasonable

knowledge of the effects of their actions on Plaintiffs, they continued to carry out their intentions –

which was to create such fear in Plaintiffs that Plaintiffs would confess to a crime that Defendants

knew was impossible for the Plaintiffs to commit.

100.    That by reason of said assault on GEORGETTE SORRELL, JUANA ROSARIO,

MACHEL WILLIAMS and DONALD MORENCY's and its resulting effects, plaintiffs demand

judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) or more

each, together with punitive and exemplary damages against all defendants acting in their personal

capacities in an appropriate amount, as determined by the trier of fact of this action.

## AS AND FOR A NINTH CAUSE OF ACTION:
## UNLAWFUL IMPRISONMENT UNDER PENDENT JURISDICTION
## AGAINST LYNBROOK DEFENDANTS

101.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1

through 100 of this complaint with the same force and effect as though each were fully set forth

herein.

102.    That at all times herein mentioned, at the aforesaid time and place, Defendants

POLICE OFFICERS HAHL, FESTA, PALADINO, CUNNINGHAM, BRUEN Shield Numbers

unknown, while acting separately and in concert and in the course of their duties and functions as

employees and agents of defendants VILLAGE OF LYNBROOK and did intend to confine and

imprison GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD

MORENCY.

103.    That at all times herein mentioned, at the aforesaid time and place, said defendants

did in fact confine and unlawfully imprison GEORGETTE SORRELL, JUANA ROSARIO,

MACHEL WILLIAMS and DONALD MORENCY from 3-9 days in a jail setting.

104.    That at all times herein mentioned, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY were all conscious and aware of said confinement and unlawful imprisonment.

105.    That GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY and all plaintiffs did not consent to the aforesaid confinement and unlawful imprisonment, nor was the aforesaid confinement and unlawful imprisonment otherwise legal, authorized or privileged.

106.    That no warrant or legal basis existed for the aforesaid confinement and unlawful imprisonment.

107.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY.

108.    That by reason of the aforesaid conduct and actions of defendants, GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY was placed in fear for their personal safety and emotional welfare.

109.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

110.    That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's personal safety and emotional welfare.

111.    That by reason of the aforesaid conduct and actions against them, all plaintiffs have suffered either physical harm and injury, psychological harm, mental distress, humiliation, embarrassment, fear, and have been prevented from attending their usual duties and lifestyles all to

their detriment.

112.   That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

113.   That no reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

114.   That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

115.   That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

116.   That at all times herein mentioned, defendant VILLAGE OF LYNBROOK was aware of, approved, caused, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

117.   The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

118.   That this action falls under the exceptions of §§ 1602(5) and 1602(11) of Article 16 of the Civil Practice Law and Rules of the State of New York, and by reason thereof the limitations on joint and several liability contained in said Article do not apply to this action.

119.   That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) or more each plaintiff, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

26

## AS AND FOR A TENTH CAUSE OF ACTION:
## MALICIOUS PROSECUTION UNDER PENDENT JURISDICTION
## AGAINST LYNBROOK DEFENDANTS

120.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 119 of this complaint with the same force and effect as though each were fully set forth herein.

121.    The false arrest, search, seizure, unlawful detention and imprisonment, assault, battery, indictment, malicious prosecution and other wrongful, unjust and unlawful acts conducted against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY and all plaintiffs by defendants POLICE OFFICERS HAHL, FESTA, PALADINO, BRUEN, and CUNNINGHAM were done without justification, without a warrant or probable cause, in breach of standard police procedures, the rules of ethics governing both law enforcement officers and prosecutors and in violation of Plaintiffs' Constitutional rights under federal and state laws.

122.    Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

123.    Despite easily obtainable proof of Plaintiffs' innocence, defendants initiated an unlawful prosecution and continued to use the courts and judicial process to further harm all plaintiffs despite having knowledge that there was no actual evidence or lawful cause for continuing said unlawful and malicious prosecution.

124.    Defendants ARENA and LASHINSKY actively instigated and encouraged the baseless prosecution of the Plaintiffs for robbery.  The indictment was based primarily on the testimony of Defendant POLICE OFFICER HAHL and Defendant DETECTIVE LASHINSKY as complaining witnesses.  The Defendants pursued the robbery charge against Plaintiffs in light of factual realities that made it impossible for Plaintiffs to be the alleged perpetrators.

27

125.    As a direct result of said malicious prosecution, defendants unlawfully shifted the burden of proof onto all plaintiffs, who suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's of said false and maliciously imposed criminal charges which were intentionally filed and maintained by defendants.

126.    Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to knowingly impose and prosecute false criminal charges against Plaintiff, in a manner intended to do harm without excuse or justification.

127.    Defendant VILLAGE OF LYNBROOK assisted in covering up the misdeeds of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

128.    When said unlawful actions of defendant VILLAGE OF LYNBROOK was uncovered before the court, all criminal charges were dismissed in favor of Plaintiffs.

129.    As a direct result of said unlawful and malicious prosecution, all plaintiffs suffered continued emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY of said false and maliciously imposed criminal charges in violation of rights, privileges and immunities guaranteed by the U.S.

28

Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

130.    That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

131.    That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY'S personal safety.

132.    That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

133.    That no warrant or legal basis existed for the aforesaid conduct and actions taken against the plaintiffs.

134.    That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

135.    That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

136.    That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

137.    That at all times herein mentioned, defendants VILLAGE OF LYNBROOK AND approved, condoned and/or ratified the complained of conduct committed by their agents and/or employees.

138.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

29

139.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) or more each plaintiff, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION: ABUSE OF PROCESS UNDER PENDENT JURISDICTION AGAINST LYNBROOK DEFENDANTS

140.    Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 through 139 of this complaint with the same force and effect as though each were fully set forth herein.

141.    The false arrest, unlawful detention and imprisonment, assault, battery, malicious prosecution and other wrongful acts conducted against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY by defendants VILLAGE OF LYNBROOK, and POLICE OFFICERS HAHL, FESTA, PALADINO, CUNNINGHAM, and BREUN constituted an abuse of process, abuse of authority, breach of standard police procedures, ethical and professional standards, violations of numerous state and federal laws and violated Constitutional rights guaranteed by federal and state laws to all plaintiffs in this action.

142.    Said abuse of process is further evidenced by the defendants' refusal to adequately investigate the identity and/or whereabouts of Plaintiffs, the circumstances and the accuracy of the charges filed against him, and to properly review and investigate the actions of defendant agents and/or employees for their unjust and unlawful actions.

143.    Defendants failed to investigate and verify both the veracity of Plaintiff's repeated claims that they were not involved in the alleged crime and the overwhelming and easily obtainable evidence supporting Plaintiff's innocence.

30

144. Defendants failed to investigate and verify both the veracity of Plaintiffs repeated claims that they were not involved in the alleged crime and the overwhelming and easily obtainable evidence supporting Plaintiff's innocence.

145. Defendants, acting individually and severally, each failed to sufficiently investigate whether Plaintiff was in fact involved in the alleged crimes, and instead acted under color of law to knowingly impose and continued to impose false criminal charges upon the Plaintiff notwithstanding conclusive proof and evidence within their possession of his innocence.

146. Defendants thereby employed regularly issued criminal process against GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY in violation of well established ethical and professional standards relating to their employment in law enforcement and in violation of rights, privileges and immunities guaranteed by the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York in a manner evidencing malice, gross negligence and/or recklessness.

147. Said criminal process was perverted by defendants VILLAGE OF LYNBROOK AND and POLICE OFFICERS HAHL, FESTA, PALADINO, CUNNINGHAM and BRUEN to obtain the collateral objective of securing an unlawful indictment and then covering up the prior unlawful actions of their agents and/or employees in violation of well established ethical and professional standards relating to their employment in law enforcement and various rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution and various rights, privileges and immunities guaranteed under the constitution and laws of the state of New York.

148. Said actions were done in a manner evidencing malice, gross negligence and/or recklessness without excuse or justification.

31

149.   As a direct result of said abuse of process, all plaintiffs have suffered emotional damage, including prolonged stress and anxiety, fear, humiliation and frustration as a result of being unlawfully forced to clear GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY of said false and maliciously imposed criminal charges.

150.   That the aforesaid conduct and actions of defendants constituted traumatic events which unreasonably endangered the physical and emotional safety of all plaintiffs.

151.   That by reason of the aforesaid conduct and actions of defendants, plaintiffs were placed in fear for GEORGETTE SORRELL, JUANA ROSARIO, MACHEL WILLIAMS and DONALD MORENCY's personal safety.

152.   That plaintiffs did not consent to the commission of aforesaid conduct and actions against them, nor were said conduct and actions otherwise legal, authorized or privileged.

153.   That no warrant or reasonable basis existed for the aforesaid conduct and actions against the plaintiffs.

154.   That plaintiffs in no way instigated, caused or contributed to the complained of conduct and actions against them.

155.   That at all times herein mentioned, plaintiffs conducted themselves in a prudent, peaceful and lawful manner.

156.   That by reason of the aforesaid conduct and actions against them, plaintiffs have suffered damage and injury, including emotional and/or mental distress.

157.   That at all times herein mentioned, defendants VILLAGE OF LYNBROOK AND approved, condoned and/or ratified the complained of conduct committed by its agents, servants and/or employees.

32

158.    The defendants' intentional, malicious and/or grossly reckless failure to intervene or deter the unjust, wrongful and illegal actions of their agents and/or employees constitutes an intentional, reckless and callously indifferent breach of their duty to do so under 42 U.S.C. § 1983.

159.    That by reason of the aforesaid conduct against them, plaintiffs demand judgment against all defendants in the sum of ONE MILLION DOLLARS ($1,000,000.00) or more each plaintiff, together with punitive and exemplary damages against all defendants acting in their personal capacities in an appropriate amount, as determined by the trier of fact of this action.

## DAMAGES AND RELIEF

**WHEREFORE**, the Plaintiffs each request the following damages and relief:

a.      On the First Count in excess of the sum of one million ($1,000,000) dollars;

b.      On the Second Count in excess of the sum of one million ($1,000,000) dollars;

c.      On the Third Count in excess of the sum of one million ($1,000,000)dollars;

d.      On the Fourth Count in excess of the sum of one million ($1,000,000) dollars;

e.      On the Fifth Count in excess of the sum of two million ($2,000,000) dollars;

f.      On the Sixth Count in excess of the sum of three million ($3,000,000) dollars;

g.      On the seventh Count in excess of the sum of two million ($3,000,000) dollars;

h.      On the Eighth Count in excess of the sum of  one million ($1,000,000) dollars;

i.      On the Ninth Count in excess of the sum of one million ($1,000,000) dollars;

l.      On the Tenth Count in excess of the sum of one million ($1,000,000) dollars;

m.      On the Eleventh Count in excess of the sum of one million ($1,000,000) dollars;

n.      On the Twelfth Count in excess of the sum of one million ($1,000,000) dollars;

o.      Compensatory and Punitive damages, as outlined  in the aforementioned paragraphs and counts, as well as costs and attorneys fees pursuant to 42 U.S.C. § 1988, and as

33

otherwise allowed by law; and,

p.      Any and all other relief this Court deems appropriate and just.

*JURY TRIAL DEMANDED*

Dated: Hempstead, New York
June 29, 2012

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By:  _____
Frederick K. Brewington (FB 5295)
*Attorneys for Plaintiffs*
556 Peninsula Boulevard
Hempstead, NY  11550
(516)489-6959

34

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
GEORGETTE SORRELL, JUANA ROSARIO,
MACHEL WILLIAMS, and DONALD MORENCY,

                        Plaintiffs,                             **MEMORANDUM AND ORDER**
                                                        10 CV 49 (DRH) (GRB)

          - against -

THE INCORPORATED VILLAGE OF
LYNBROOK, LYNBROOK POLICE DEPARTMENT,
and POLICE OFFICERS JOHN DOE 1-10 in their
official and individual capacities

                        Defendants.
--------------------------------------------------------------X

**APPEARANCES:**

**Attorneys for Plaintiffs**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
556 Peninsula Boulevard
Hempstead, New York 11550
By:    Frederick K. Brewington, Esq.

**Attorneys for Defendants**

**SILER & INGBER, LLP**
1399 Franklin Avenue
Suite 103
Garden City, New York 11530
By: William A. Ruskin, Esq.
    Victoria Sloan, Esq.

**HURLEY, Senior District Judge:**

      Plaintiffs Georgette Sorrell, Juana Rosario, Machel Williams, and Donald Morency

commenced this action on January 6, 2010 asserting claims against defendants pursuant to 42

U.S.C. §§ 1983 and 1985, as well as New York common law, to recover for damages they

allegedly sustained in connection with their arrest on October 11, 2008.  Discovery in this action

closed on July 12, 2012.  Presently before the Court is plaintiffs' motion, made pursuant to

Federal Rule of Civil Procedure 15(a), seeking to amend the Complaint to: (1) substitute "Police

Officer John Does 1-10" with Lynbrook Police Officers Patrick J. Hahl, Peter R. Festa, Brian

Paladino, Brian Cunningham, and Eric Bruen, and (2) to add the County of Nassau, Nassau

County Police Department, Nassau County Detectives Robert J. Lashinsky and Greg M. Arena,

and Nassau County Police Officer Marissa D. Stork as defendants.  For the reasons set forth

below, plaintiffs' motion is granted in part and denied in part.

### BACKGROUND

The following facts are taken from the proposed Amended Complaint ("Am. Compl.")

(*see* Decl. of Marjorie Mesidor, dated July 12, 2010 ("Mesidor Decl."), Ex. A), and are presumed

true for purposes of this motion.

#### The Parties

Plaintiffs are African-Americans who reside in Suffolk County, New York.  (Am. Compl.

¶ 5.)  Defendants Patrick J. Hahl, Peter R. Festa, Brian Paladino, Brian Cunningham, and Eric

Bruen (the "Lynbrook Police Officers") were employed at all relevant times as Police Officers in

the Lynbrook Police Department, which is described as a "legal subdivision and agency of" the

Incorporated Village of Lynbrook (the "Village").  (*Id.* ¶ 9.)

At all relevant times, defendant Marissa D. Stork served as a Police Officer with the

Nassau County Police Department, and Greg M. Arena and Robert J. Lashinsky worked as

Detectives with the Nassau County Police Department.  The Amended Complaint describes the

Nassau County Police Department as "a legal subdivision and agency" of Nassau County (the

"County").  (*Id.* ¶ 8.)

2

***Plaintiffs' Arrest***

On or about October 11, 2008 at approximately 9:00 p.m., Sorrell drove a white 1994 four-door Honda Accord south on Peninsula Boulevard in Lynbrook, New York. Morency, Williams, and Rosario were passengers in the vehicle. The Lynbrook Police Officers stopped the vehicle and informed Sorrell that "the vehicle she was driving fit the description of a similar vehicle involved in a criminal incident that night." (*Id.* ¶ 17.) Plaintiffs assert that they were "improperly profiled" by the Lynbrook Police Officers, who "assumed" that they had engaged in criminal activity "simply because Plaintiffs were African American." (*Id.* ¶ 18.)

Subsequently, Arena and Lashinsky arrived at the scene. After approximately two hours had passed, plaintiffs were ordered out of the car "and told to stand in a line, as a police cruiser carrying two individuals in the backseat, slowly drove by." (*Id.* ¶ 20.) Shortly thereafter, the Lynbrook Police Officers handcuffed plaintiffs and told them that "everything would be resolved at the Precinct." (*Id.* ¶ 21.) The Lynbrook Police Officers, Arena, and Lashinsky then searched Sorrell's car. (*Id.*)

***Plaintiffs are Taken to the Fifth Precinct***

Plaintiffs were taken to the Fifth Precinct,[1] placed in separate rooms, and "interrogated." (*Id.* ¶ 23.) The Lynbrook Police Officers, Arena, Lashinsky, and Stork searched the contents of plaintiffs' cell phones and took a series of Polaroid photographs of plaintiffs as well as the items collected from them. While doing so, defendants "ridiculed" plaintiffs and refused to give plaintiffs a reason for their detainment. Plaintiffs also assert that Sorrell's car was searched

---

[1]    Although the Amended Complaint does not specify, the Court presumes that "the Fifth Precinct" refers to a precinct of the Nassau County Police Department.

"several times" throughout the night, and that it was "vandalized." (*Id.* ¶ 27.)

Plaintiffs allege that Stork conducted an unlawful strip search of Sorrell and Rosario, and that Sorrell and Rosario were not permitted to use the bathroom. Plaintiffs also assert that Williams was strip searched in a separate bathroom.

***Plaintiffs are Released and the Charges Against Them are Ultimately Dropped***

Overall, plaintiffs were interrogated for approximately 12 hours and then were taken to "headquarters," where they spent an additional 24 hours. (*Id.* ¶ 30.) Plaintiffs were not arraigned until October 13, 2008. Sorrell was released on $5,000 bail and Rosario was released on her own recognizance. Morency, who had been home on a work release program furlough, was remanded. Williams was unable to make bail and was held for nine days at the Nassau County Correctional Facility.

Plaintiffs allege that Arena and Lashinsky "actively instigated and encouraged [their] baseless prosecution" for robbery. (*Id.* ¶ 32.) Plaintiffs were charged with, and indicted on, a count of Robbery in the Second Degree, a Class C Felony. (*Id.* ¶ 32.) Plaintiffs contend that their indictments were "based primarily on the testimony of [Hahl and Lashinsky] as complaining witnesses." (*Id.* ¶ 33.) Plaintiffs assert that the Lynbrook Police Officers "conducted a show up" at the time that Sorrell's vehicle was stopped, and that the show up "was suggestive in that the victim was asked to identify four individuals surrounded by police as the perpetrators." (*Id.* ¶ 34.) Moreover, plaintiffs assert that during the show up, "the female victim" identified only Sorrell, Rosario, and Williams, but did not identify Morency. According to plaintiffs, Lashinsky and Arena "proceeded to do a photo pack with the male victim." (*Id.* ¶ 36.) Again, Morency was not identified. Nonetheless, Morency was "kept under unlawful arrest." (*Id.*)

4

The charges against plaintiffs were ultimately dropped on January 27, 2009.  In the "Dismissal Memo," the Assistant District Attorney noted that plaintiffs' descriptions did not match the descriptions of the suspects that were given to the Lynbrook PD and was broadcast over the radio on the night of the robbery.  (*Id.* ¶¶ 37, 38.)  According to plaintiffs, despite the "glaring factual differences" between the suspects' and plaintiffs' descriptions, and despite the fact that the victims did not identify Morency during either the show up or the photo pack, the defendants detained and arrested the plaintiffs.  (*Id.* ¶ 38.)  Video surveillance later obtained by plaintiffs' criminal counsel showed that plaintiffs had stopped at a gas station approximately 40 miles from the scene of the crime at the time the robbery occurred, which made it "factually impossible" for plaintiffs to have committed the robbery at all.  (*Id.* ¶ 41.)

***The Causes of Action***

In the Amended Complaint, plaintiffs assert Fourth and Fourteenth Amendment claims, pursuant to 42 U.S.C. § 1983 ("Section 1983"), for false arrest, excessive force, and malicious prosecution.  Plaintiffs have also brought conspiracy claims under 42 U.S.C. § 1985 ("Section 1985"), and state law claims for assault, battery, intentional infliction of emotional distress, false imprisonment, and malicious prosecution.

***DISCUSSION***

**I.  *Legal Standard***

Plaintiffs' motion, which seeks to substitute "Police Officers John Doe 1–10" with the Lynbrook Police Officers and to add the Nassau County Defendants, is governed by Rules 15 and 21 of the Federal Rules of Civil Procedure.  Under Rule 15(a), the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a); *AEP Energy Servs.*

*Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).  Rule 21 provides that

"[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed.

R. Civ. P. 21.  "Although Rule 21, and not Rule 15(a) normally governs the addition of new

parties to an action, the same standard of liberality applies under either Rule."  *Clarke v. Fonix

Corp.*, 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999) (internal quotation marks omitted), *aff'd*,

199 F.3d 1321 (2d Cir. 1999) (unpublished).

"[L]eave to amend a complaint to assert claims against additional defendants 'should be

denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and

the decision to grant or deny a motion to amend rests within the sound discretion of the district

court.'  *Bernhard v. Central Parking Sys. of N.Y., Inc.*, 2012 WL 1344720, at *2 (E.D.N.Y. Apr.

18, 2012) (quoting *DeFazio v. Wallis*, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006)).

### II.   *Plaintiffs' Request to Substitute the Lynbrook Police Officers for the "Police Officers John Doe 1–10" is Granted*

### A.   *The Parties' Contentions*

Plaintiffs assert that they learned the identities of the "Police Officers John Doe 1–10"

"after a review of Depositions and the District Attorney's Report turned over to Plaintiff[s]

during the normal course of discovery."  (Pls.' Mem. at 7.)  According to plaintiffs, this

information has been "in the exclusive possession of Defendants [since] the commencement of

the [ ] lawsuit" and, as such, defendants will suffer no prejudice from plaintiffs' proposed

amendment.  (*Id.* at 8.)  Plaintiffs further contend that because they do not intend to "assert any

additional causes of action" (*id.*), defendants will not be required to "expend any additional

resources to conduct discovery."  (*Id.* at 9.)

In opposition, the Lynbrook Defendants argue that "it would be futile to allow the Plaintiffs to raise allegations against the [ ] individual Lynbrook Police Officers when the completed record already demonstrates that these allegations are at best unestablished, and at worst completely untrue."  (Opp'n Mem. at 1-2.)  Plaintiffs counter that, by focusing on the record evidence and not the allegations contained in the Proposed Amended Complaint, the Lynbrook Defendants are improperly attempting "to convert this motion into a Summary Judgment motion."  (Reply Mem. at 4.)

### B.    The Appropriate Standard for Determining Futility

The Second Circuit has clearly articulated the standard applicable to a determination of whether leave to amend should be denied on the basis of futility: "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see also Crippen v. Town of Hempstead*, 2009 WL 803117, at *1 n.1 (E.D.N.Y. Mar. 25, 2009) ("[T]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss – namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted.").  Thus, the Court's focus must rest on the pleadings.  *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

The Second Circuit has determined that "the rule is different where . . . [a] cross-motion [to amend the complaint] is made in response to a Fed.R.Civ.P. 56 motion for summary judgment, and the parties have fully briefed the issue whether the proposed amended complaint

7

could raise a genuine issue of fact and have presented all relevant evidence in support of their positions." *Milanese*, 244 F.3d at 110. In that case, "even if the amended complaint would state a valid claim on its face, the court may deny the amendment as futile when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed.R.Civ.P. 56(c)." *Id.*

Here, of course, plaintiffs' motion to amend was not made in response to any motion for summary judgment. Furthermore, the parties have not "fully briefed the issue whether the proposed amended complaint could raise a genuine issue of fact and have [not] presented all relevant evidence in support of their positions." *See id.*[2] Accordingly, any question as to the futility of plaintiffs' claims against the Lynbrook Police Officers must arise from the allegations set forth in the Proposed Amended Complaint, and must be tested under the standard applicable to a Rule 12(b)(6) motion.

The Lynbrook Defendants have not raised any issue with the sufficiency of plaintiffs' claims against the Lynbrook Police Officers as pled in the Proposed Amended Complaint, and the Court declines to undertake any substantive review of those allegations *sua sponte*. Moreover, the Lynbrook Defendants have failed to make any showing of undue delay or bad faith on plaintiffs' part. Finally, the Lynbrook Defendants have made no showing that they would

---

[2] The Lynbrook Defendants assert that the record evidence demonstrates that certain of plaintiffs' allegations lack a factual basis. For instance, the Lynbrook Defendants claim that plaintiffs failed to provide any evidence in the form of deposition testimony that would support their allegations regarding the searches of Sorrell's car and plaintiffs' cell phones. (Opp'n Mem. at 2-3.) As plaintiffs point out in their reply brief, however, the deposition testimony cited by the Lynbrook Defendants reveals that plaintiffs were never actually questioned on these topics. (*See, e.g.,* Lynbrook Defs.' Ex. A at 36-38.) A lack of deposition testimony on these points is, therefore, unsurprising and hardly evidences the absence of genuine questions of material fact.

suffer prejudice as a result of the proposed amendment, particularly since discovery has closed

and plaintiffs have represented that they do not wish to undertake any further discovery. *See*

*Bernhard*, 2012 WL 1344720 at *8 (finding no undue prejudice to party opposing amendment

when plaintiff sought only to substitute named individual defendants for John Does and

"Defendants were aware of these claims from the outset and thus it is likely that additional

discovery would not even be necessary").

Accordingly, plaintiffs' motion to amend the Complaint to substitute "Police Officers

John Doe 1-10" with Patrick J. Hahl, Peter R. Festa, Brian Paladino, Brian Cunningham, and

Eric Bruen[3] is granted.

### III.    *Plaintiffs' Request to add the Nassau County Defendants is Granted in Part and Denied in Part*

#### A.    *Plaintiffs' Claims Against the Nassau County Police Department are Futile*

It is well-settled that "'under New York law, departments that are merely administrative

arms of a municipality do not have a legal identity separate and apart from the municipality and,

therefore, cannot sue or be sued.'" *Jackson v. County of Nassau*, 2010 WL 335581, at *5

(E.D.N.Y. Jan. 22, 2010) (quoting *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477

(E.D.N.Y. 2002)).  Plaintiffs' claims against the Nassau County Police Department are, therefore,

"more properly raised in claims against Nassau County." *See id.*  Because plaintiffs have also

named Nassau County as a defendant for each of their claims, the causes of action asserted

---

[3]       Plaintiffs' Proposed Amended Complaint and motion papers do not include a
request to add Eric Bruen.  In their reply memorandum, however, plaintiffs assert that "[t]he
Proposed Amended Complaint should have named [Lynbrook Police] Officer Eric Bruen as well
. . . ." (Reply Mem. at 1.)  This addition should be made clear in the Amended Complaint when
it is filed.

against the Nassau County Police Department are dismissed.  *See id.*[4]

**B.  Plaintiffs' Motion to add Nassau County, Stork, Arena, and Lashinsky as Parties is Granted in Part and Denied in Part**

**1.  Whether the Proposed Amendments Would be Futile**

Plaintiffs allege that their constitutional rights were violated and assert Section 1983 claims for false arrest, excessive force, and malicious prosecution.  Plaintiffs have also asserted a Section 1985 conspiracy claim as well as a state law claim for intentional infliction of emotional distress.[5]  As set forth above, "[a] proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss."  *Bernhard*, 2012 WL 1344720 at *3 (citing *Lucente*, 310 F.3d at 258).  "In considering a Rule 12(b)(6) motion to dismiss, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Id.* (quoting *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (internal alteration and quotation marks omitted)).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[4]  For the same reason, the Court, *sua sponte*, dismisses all causes of action asserted against the Lynbrook Police Department, as they are duplicative of the claims brought against the Village of Lynbrook.  *See Davis*, 224 F. Supp. 2d 463 (dismissing Section 1983 claims brought against the Lynbrook Police Department, which is "an administrative arm of the Village of Lynbrook").

[5]  The Proposed Amended Complaint also sets forth state law causes of action for assault, false imprisonment, malicious prosecution, and abuse of process, but those claims are brought against the Lynbrook Defendants only.  As noted above, because the Lynbrook Defendants have not challenged the merits of any of these claims, the Court will not address them *sua sponte*.

a.    *Plaintiffs' False Arrest Claim*

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual

to be free from unreasonable seizures . . . is substantially the same as a claim for false arrest

under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted).

"The common law tort of false arrest is a species of false imprisonment . . . [and] [u]nder New

York law, the elements of a false imprisonment claim are: '(1) the defendant intended to confine

[the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent

to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton*

*Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456

(1975)).

Each of these elements is adequately pled in the Proposed Amended Complaint.

Plaintiffs have alleged that they were arrested, taken against their will to the Fifth Precinct and,

later, to "headquarters," and held there for more than 24 hours.  "The validity of an arrest does

not depend upon an ultimate finding of guilt or innocence," and therefore "the court looks only to

the information that the arresting officer had at the time of the arrest." *Peterson v. County of*

*Nassau*, 995 F. Supp. 305, 313 (E.D.N.Y. 1998).  Here, plaintiffs have alleged that they were

detained as a result of improper racial profiling, and were arrested even though they did not fit

the descriptions of the alleged suspects.  Plaintiffs further contend that their arrests followed an

improper and prejudicial "show up" and "photo pack" conducted by, *inter alia*, the Nassau

County Defendants.  (Am. Compl. ¶¶ 20, 34, 36, 38.)  These allegations are sufficient to

withstand a motion to dismiss and, thus, this portion of plaintiffs' motion to amend their

Complaint is not futile.

11

b.    *Plaintiffs' Excessive Force/Strip Search Claim*

Although the Third Cause of Action in the Proposed Amended Complaint is described as

an "Excessive Force" claim, plaintiffs do not appear to allege that they were actually subjected to

excessive force in connection with their arrest. *See Amnesty Am. v. Town of West Hartford*, 361

F.3d 113, 123 (2d Cir. 2004) (characterizing an "excessive force" claim as one in which plaintiff

attempts "to establish that the use of force to effect an arrest was unreasonable and therefore a

violation of the Fourth Amendment"). Rather, plaintiffs claim that their constitutional rights

were violated when Sorrell and Rosario were strip searched by Stork, (Am. Compl. ¶ 28), and

when "Defendants . . . conducted an unlawful strip search of [Williams] in another bathroom"

(*see id.* ¶ 29).

"The Fourth Amendment prohibits 'unreasonable' searches and seizures." *Sarnicola v.*

*County of Westchester*, 229 F. Supp. 2d 259, 268 (S.D.N.Y. 2002). A "particularized

reasonableness analysis . . . is required to establish the lawfulness of any warrantless strip search,

even one conducted incident to a lawful arrest." *Id.* at 269. Thus, an arrestee – even one arrested

on a felony charge[6] – cannot be lawfully strip searched absent "reasonable suspicion that the

individual is concealing weapons or other contraband." *Harriston v. Mead*, 2008 WL 4507608,

at *3 (E.D.N.Y. Sept. 30, 2008) (noting that the Second Circuit formulated the reasonable

suspicion test while evaluating the constitutionality of strip searches of those arrested for

misdemeanors and minor violations, but "[a]lthough the Second Circuit has not specifically

addressed whether the same standard of individualized reasonable suspicion applies to felony

---

[6]    Plaintiffs allege they were arrested and charged with violating N.Y. Penal Law §
160.10(1), Robbery in the Second Degree, which is a Class C Felony.  (Am. Compl. ¶ 32.)

arrestees, district courts in this circuit have held that it does") (collecting cases).

Here, plaintiffs have alleged that Stork strip searched Sorrell and Rosario, even though "there was no individualized suspicion that any of the Plaintiffs were secreting contraband on their person." (Am. Compl. ¶¶ 28, 29.) This claim, therefore, is not futile and plaintiffs will be permitted to amend their pleading to assert it. The same cannot be said for plaintiffs' claim that an unidentified individual or individuals, described in the Amended Complaint only as "Defendants," strip searched Williams. (*See id.* ¶ 29.) Plaintiffs do not allege that any of the named defendants in the action strip searched Williams or caused her to be strip searched. "Because 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983,'" plaintiffs cannot recover based upon the alleged strip search of Williams, and this claim is therefore futile. *See Faruki v. City of New York*, 2012 WL 1085533, at *8 (S.D.N.Y. Mar. 30, 2012) (quoting *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004)).

c.      *Plaintiffs' Malicious Prosecution Claim*

"To state a claim for the tort of malicious prosecution under New York law, a plaintiff must prove: '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Garrett v. Port Auth. of N.Y. & N.J.*, 2006 WL 2266298, at *4 (S.D.N.Y. Aug. 8, 2006) (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)). Here, plaintiffs have alleged that Arena and Lashinsky "instigated and encouraged the baseless prosecution of the Plaintiffs" for robbery, and that their indictments were based on the testimony of, *inter alia*, Lashinsky. (Am. Compl. ¶¶ 32, 33.) According to

13

plaintiffs, Lashinsky insisted that plaintiffs be charged, even though he was aware of the problems with the witness identifications of Morency, and that the plaintiffs did not match the descriptions of the suspects given to police on the night of the arrest. Finally, plaintiffs have alleged that the charges against them were dismissed after they proffered evidence that they were forty miles from the scene of the crime at the time of the robbery. Given these alleged facts, and given that no objection to the sufficiency of this claim has been raised, the Court finds that plaintiffs' malicious prosecution claim would not be futile.[7]

> d.      *Plaintiffs' Monell Claims Against Nassau County*

A municipality may be held liable under Section 1983 only if its employees' alleged conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [its] officers" or a "governmental 'custom' even though such a custom has not received formal approval through official decision making channels." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). Accordingly, in order to maintain a Section 1983 claim against a municipal defendant, a plaintiff must

---

[7]      Courts within the Circuit analyzing the "favorable termination" element of malicious prosecution claims "have reached varying results that are difficult to reconcile." *O'Brien v. Alexander*, 101 F.3d 1479, 1486 (2d Cir. 1996) (internal quotations omitted). "As a general rule, under the common law any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action." *Wood v. Town of East Hampton*, 2010 WL 3924847, at *15 (E.D.N.Y. Sept. 30, 2010) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000)). "Under this standard, a plaintiff attempting to sustain a claim for malicious prosecution must show, as a threshold matter, that 'the criminal proceeding was *finally* terminated." *Id.* (emphasis in the original). Here, the Court presumes, based on the limited information before it, and without the benefit of any briefing on the issue by the parties, that plaintiffs have adequately alleged the "favorable termination" element. This finding, however, is made without prejudice to the right of any of the defendants to move for dismissal of this element at some later point in the proceedings.

establish both a violation of his constitutional rights and that the violation was motivated by a municipal custom or policy. *Id.*; *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 686 (2d Cir. 2005).

The existence of a municipal policy or custom may be pled in any of four ways. A plaintiff may allege that his constitutional injuries arose from: "(1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." *Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 159 (S.D.N.Y. 2006); *see also Bonds v. Suffolk Cnty. Sheriff's Dep't*, 2006 WL 3681206, at *2 (E.D.N.Y. Dec. 5, 2006) (same).

Plaintiffs allege that Nassau County has "systematically failed to identify [ ] improper abuse, misuse, [and] violative acts by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision, and/or restraint." (Am. Compl. ¶ 67.) Plaintiffs have identified six alleged "specific systemic flaws" in the County's "misconduct review process," including Nassau County police officers' "systematic[ ] fail[ure] to credit testimony by non-police officer witnesses" or to "include in their [investigative] reports relevant factual information which would tend to contradict the statements of the police officer involved." (*See id.* ¶ 68.) Moreover, plaintiffs have alleged that Nassau County's alleged failures constituted a "practice, pattern, and custom of intentionally promoting and supporting officers'

15

and officials' violations of 42 U.S.C. § 1983," which caused plaintiffs to be "deprived of their freedom and physically and emotionally harmed." (*Id.* ¶ 71.)  Although this is a close call, the Court finds that these allegations do cross "the line between possibility and plausibility of 'entitlement to relief'" and, as such, are sufficient to state a *Monell* claim against the County based upon plaintiffs' false arrest and malicious prosecution claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)).

The same cannot be said, however, for plaintiffs' Section 1983 claims based upon the alleged strip searches of Sorrell and Rosario.  Plaintiffs have not alleged that the County had any policy or practice pursuant to which these strip searches were carried out, *see Murcia v. County of Orange*, 226 F. Supp. 2d 489, 499 (S.D.N.Y. 2002), or that such strip searches were part of a "routine practice" of the Nassau County Police Department. *Sarnicola*, 229 F. Supp. 2d at 276. Thus, any *Monell* claim against the County based upon the alleged strip searches would be futile.

e.     *Plaintiffs' Section 1985 Claim*

To state a cause of action under Section 1985(3), plaintiffs must allege: "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). The conspiracy "need not be shown by proof of an explicit agreement but can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct." *Id.* (quoting *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 427 (2d Cir. 1995)) (internal quotation marks omitted).  "Furthermore, the conspiracy must also be motivated by some racial or perhaps

16

otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.*

(quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993))

(internal quotation marks omitted).

Here, plaintiffs allege that the Nassau County Defendants conspired with the Lynbrook

Defendants to "unlawfully stop, falsely detain, unlawfully accuse, wrongfully arrest and falsely

imprison" the plaintiffs (Am. Compl. ¶ 82), and to cover up their "misconduct" to prevent

plaintiffs "from being compensated" for damages arising from these unconstitutional actions (*id.*

¶ 83).  Conclusory allegations aside, plaintiffs have not alleged the existence of any "explicit

agreement" between the alleged conspirators, or even a "tacit understanding to carry out" the

alleged constitutional violations.  *See Thomas*, 165 F.3d at 146.  It is well-established that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to
> provide the grounds of his entitlement to relief requires more than
> labels and conclusions, and a formulaic recitation of the elements of
> a cause of action will not do. Factual allegations must be enough to
> raise a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even if doubtful in
> fact).

*Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted).  Here, plaintiffs'

allegations of a Section 1985 conspiracy do not meet this standard.  Because these allegations do

not "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679, plaintiffs' motion to

amend the Complaint to assertion a Section 1985 conspiracy claim is denied as futile.

    *f.*  *Plaintiffs' Intentional Infliction of Emotional Distress Claim*

The Eighth Count of the Proposed Amended Complaint is a New York state law claim of

intentional infliction of emotional distress. (*See id.* ¶¶ 93-98.)  As noted above, Rule 15 does not

17

permit amendments that would be futile, and this includes amendments asserting time-barred claims. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000). "The applicable statute of limitations for . . . intentional infliction of emotional distress under New York state law is one year." *Young v. Suffolk County*, 705 F. Supp. 2d 183, 211 (E.D.N.Y. 2010) (citing N.Y. C.P.L.R. § 215(3)). The arrest at issue occurred on October 11, 2008 and the charges were ultimately dismissed against plaintiffs on January 27, 2009. (Am. Compl. ¶ 31). Plaintiffs' request to amend the Complaint was made on July 12, 2011 – well beyond the expiration of the one-year statute of limitations.

If, however, "a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001). Pursuant to Rule 15(c)(1)(C), "[a]n amendment to a pleading relates back to the date of the original pleading" when three conditions are met: (1) the new claims "arose out of the conduct, transaction, or occurrence" set forth in the original pleading, and (2) "within the period provided for by Rule 4(m) for serving the summons and complaint," the new party "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) during the Rule 4(m) service period the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

The original Complaint was filed on January 6, 2010 – more than one year after the arrest, but less than one year after the charges against plaintiffs were dismissed. Plaintiffs, apparently operating under the assumption that the one-year statute of limitations began to run on the date

the charges were dropped, assert that their intentional infliction of emotional distress claim "relates back" to the original Complaint because that claim "[arose] out of the same exact conduct asserted in the original pleading." (Pls.' Mem. at 11.) Even if the Court assumes *arguendo* that the statute of limitations began to run on the date plaintiffs' charges were dropped (as opposed to the date of their arrest or release from custody), their intentional infliction of emotional distress claims against the Nassau County Defendants are still time-barred. Plaintiffs have made no effort to demonstrate the other elements of Rule 15(c)(1)(C), namely, that (1) "within the period provided for by Rule 4(m) for serving the summons and complaint," the Nassau County Defendants "received such notice of the action that it will not be prejudiced in defending [the intentional infliction of emotional distress claim] on the merits," and (2) during the Rule 4(m) service period the Nassau County Defendants "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Thus, plaintiffs' intentional infliction of emotional distress claim against the Nassau County Defendants is futile, and that portion of plaintiffs' motion to amend the Complaint to assert this claim against them is denied.[8]

### 2. Whether the Nassau County Defendants Would be Unduly Prejudiced by the Proposed Amendment

"In determining whether leave to amend should be granted, among the 'most important' issues to consider is prejudice to the opposing party." *Bernhard*, 2012 WL 1344720 at *7

---

[8]   The Lynbrook Defendants have not, at any point, moved to dismiss the intentional infliction of emotional distress claim lodged against them. Because no party has briefed the issue of the appropriate trigger date for the one-year statute of limitations, the Court declines to dismiss this claim as against them *sua sponte*.

(quoting *AEP Energy Servs. Gas Holding Co.*, 626 F.3d at 725)). "In analyzing 'prejudice,' courts consider whether the amendment would: (1) require the opponent to 'expend significant additional resources to conduct discovery and prepare for trial,' (2) significantly prolong the resolution of the action, or (3) 'prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Id.* (quoting *Monahan v. N.Y. City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000)). "[I]n general, 'the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.'" *Id.* (quoting *United States v. Cont'l Ill. Nat'l Bank & Trust of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)).

Here, the Nassau County Defendants would not be unduly prejudiced by the assertion of plaintiffs' proposed non-futile Section 1983 and 1985 claims against them. In particular, the Court notes that the named individual Nassau County Defendants (Arena, Lashinsky, and Stork) have already been deposed. (*See* Lynbrook Defs.' Exs. I, J, & K.) Even if the Nassau County Defendants wish to re-depose the individual Lynbrook Police Officers who have already testified, this is not such a significant burden as to warrant denial of plaintiffs' motion to amend.

Finally, nothing in the record indicates that plaintiffs have acted in bad faith in bringing the present motion to amend. There is no dispute that plaintiffs' proposed amendment stems from information learned during discovery, which evidences plaintiffs' good faith. *See Bernhard*, 2012 WL 1344720 at *8.

### *CONCLUSION*

For the reasons set forth above, plaintiffs' motion to amend is granted in part and denied in part.  Plaintiffs' motion to amend the Complaint to substitute "Police Officers John Doe 1 though 10" with Patrick J. Hahl, Peter R. Festa, Brian Paladino, Brian Cunningham, and Eric Bruen is granted.  Plaintiffs' motion to amend the Complaint to assert claims against Nassau County, Detective Greg M. Arena, Detective Robert J. Lashinsky, and Police Officer Marissa Stork is granted to the extent plaintiffs may assert: (1) Section 1983 false arrest and malicious prosecution claims against these defendants, and (2) Section 1983 strip search claims – based on the alleged strip searches of Sorrell and Rosario – against Stork only.  Plaintiffs' motion to amend is denied to the extent plaintiffs request to amend the Complaint to assert: (1) Section 1983 strip search claims against Nassau County, (2) Section 1985 and intentional infliction of emotional distress claims against the Nassau County Defendants, and (3) any claims against the Nassau County Police Department.

Finally, plaintiffs' claims against the Lynbrook Police Department are dismissed, *sua sponte*.

**SO ORDERED.**

Dated: Central Islip, New York
June 4, 2012

/s/
Denis R. Hurley
Unites States District Judge

21