UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GEORGETTE SORRELL, JUANA ROSARIO,
MACHEL WILLIAMS, and DONALD MORENCY,

                Plaintiffs,        **MEMORANDUM AND ORDER**
                                                      10 CV 49 (DRH) (GRB)

        -against-

THE INCORPORATED VILLAGE OF LYNBROOK,
LYNBROOK POLICE DEPARTMENT, POLICE
OFFICER JOHN DOE 1-10, in their official and individual
capacities, NASSAU COUNTY, POLICE OFFICER
PATRICK J. HAJL, in his official and individual capacity,
POLICE OFFICER PETER R. FESTA, in his official and
individual capacity, POLICE OFFICER BRIAN
PALADINO, in his official and individual capacity,
POLICE OFFICER BRIAN R. CUNNINGHAM, in his
official and individual capacity, POLICE OFFICER ERIC
BRUEN, in his official and individual capacity, POLICE
OFFICER MARISSA D. STORK, in her official and
individual capacity, DETECTIVE GREG M. ARENA, in
his official and individual capacity, and DETECTIVE
ROBERT J. LASHINSKY, in his official and individual
capacity,

                Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**Attorney for Plaintiffs:**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
556 Peninsula Boulevard
Hempstead, New York 11550
By:    Frederick K. Brewington, Esq.
         Johanna David, Esq.

**PHILIPS & ASSOCIATES, PLLC**
45 Broadway, Suite 620
New York, NY 10006
By:    Marjorie Mesidor, Esq.

**Attorney for Defendants Nassau County, Police Officer Marissa D. Stork, Detective Greg M. Arena, and Detective Robert J. Lashinsky:**

**NASSAU COUNTY ATTORNEY'S OFFICE**
1 West Street
Mineola, New York 11501
By:    David W. MacAndrews, Esq.
        Andrew Reginald Scott, Esq.
        James O LaRusso, Esq.
        Peter A. Laserna, Esq.

**GOLDBERG SEGALLA LLP**
200 Garden City Plaza, Suite 520
Garden City, NY 11530
By:    Richard John Femia, Esq.

**HURLEY, Senior District Judge:**

Plaintiffs Georgette Sorrell, Juana Rosario, Machel Williams, and Donald Morency, (collectively "Plaintiffs") commenced this action asserting claims against defendants Nassau County ("County"), Nassau County Police Officer Marissa D. Stork, and Nassau County Detectives Greg M. Arena and Robert J. Lashinsky (collectively with the County, "County Defendants"), as well as the Village of Lynbrook, Lynbrook Police Officers Patrick J. Hahl, Peter R. Festa, Brian Paladino, Brian R. Cunningham, and Eric Bruen pursuant to, *inter alia*, 42 U.S.C. § 1983 and the Fourth Amendment to the Constitution of the United States. The only remaining defendants are the County Defendants.

Presently before the Court, is a motion by Plaintiffs requesting that this Court convert "the approved Settlement Agreement and legislative action into a judgment so that interest will start accruing[.]" (Oct. 30, 2017 Letter Motion for Judgment from Plaintiffs at 2 (DE 96) (hereinafter "Letter Motion").) For the reasons set forth below, Plaintiffs' motion is denied. However, given Defendants' excessively long delay in remitting payment and the fact that

Plaintiffs' only available recourse is to reinstate the matter on the trial calendar, the Court has set a trial date of January 22, 2018. The Parties should be prepared to select a jury on that date should payment not be made on or before January 17, 2018. Plaintiffs' counsel is directed to file a status report on January 17, 2018, updating the Court on whether payment has been received.

## BACKGROUND

For a full recitation of the facts, refer to this Court's February 24, 2016 Order. *Sorrell v. County of Nassau*, 162 F.Supp.3d 156, 161–63 (E.D.N.Y. 2016). The following relevant facts are taken from the Parties' submission.

In mid-July, 2017, both parties executed a Settlement Agreement after extensive negotiations. (Nov. 13, 2017 Letter from Defendants at 1 (hereinafter "Letter from Ds") (DE 98).) The Settlement Agreement provides that the matter had to be voted on by the Nassau County Legislature on or before August 31, 2017. (Nov. 2. 2017 Letter from Plaintiffs at 3 (DE 97).) On August 4, 2017, Plaintiffs inquired of the County as to the status of the vote, and were informed that the Settlement Agreement was not on the Legislature's calendar for August, but it might be on the September calendar. (Aug. 28, 2017 Status Report at 1–2 (DE 92).) That same day, County Defendants sent Plaintiffs the Stipulation of Dismissal and requested execution. (Letter from Ds at 4.) On August 11, 2017, Plaintiffs' attorney stated that he would not execute the Stipulation of Dismissal at that time, and that the County's failure to have the matter approved by the Legislature had placed the settlement in jeopardy. (*Id.*)

On August 28, 2017, Plaintiffs submitted a status report requesting that the Court place the matter on the trial calendar as early as possible. (*Id*. at 2.) The Court held telephone status conferences in August and September, during which the Parties stated that the Legislature might vote on the matter in September. On September 14, 2017, County Defendants submitted a Status

Report stating that the Nassau County Legislative Committee had voted in favor of moving the resolution forward for approval of the settlement. (Sept. 14, 2017 Status Report at 1 (DE 94).) The County Legislature voted to approve the Settlement Agreement on September 25, 2017. (Letter Motion at 1.) On September 26, 2017, Plaintiffs tendered the Stipulation of Dismissal to County Defendants. (Letter from Ds at 4.)

On October 12, 2017, Plaintiffs' counsel wrote to County Defendants' counsel that he understood that the Settlement had been approved but had not yet been processed by the County Attorney's office and the Comptroller. (Sept. 14, 2017 Status Report at 1.) Receiving no response, Plaintiffs' counsel again wrote on October 18, 2017. (*Id.*) That same day, County Defendants' counsel sent a letter stating that the County Executive had approved and executed the Settlement Agreement, which was being processed to be sent to the Comptroller. (*Id.*) County Defendants' counsel also expressed that he would ask the Comptroller to expedite payment. (*Id.*)

On October 24, 2017, Plaintiffs' counsel again wrote County Defendants to express that they were aware the matter was transmitted to the Comptroller on October 23, 2017, and to query why it took a month for the documents to be forwarded after Legislative approval. (*Id.* at 2.) Plaintiffs' counsel also explained that he would contact this Court if he did not hear back that the checks for the settlement would be available the following day. (*Id.*) On October 25, 2017, County Defendants' counsel replied that the checks would not be available that day, and that he would inquire as to where in the process the payment stood. (*Id.*) As of November 2, 2017, Plaintiffs still had not heard anything further from County Defendants regarding payment. (*Id.*)

On October 30, 2017, Plaintiffs filed the instant motion. On request of the Court, Plaintiffs filed a further letter in support of their motion on November 2, 2017. County

4

Defendants replied on November 13, 2017, opposing the motion and explaining that they "still intend to make full payment in accordance with the agreement [but] it is taking County Defendants reasonable time to process the payments, because funds need to be appropriated through the proper channels[.]" (Letter from Ds at 1.)

**LEGAL STANDARD**

I. *Breach of Contract*

The Second Circuit has previously noted that "[i]t is unclear whether the settlement of federal claims is governed by New York law or federal common law." *Powell v. Omnicom*, 497 F.3d 124, 129 n.1 (2d Cir. 2007). Courts have "declined to decide this question because New York law and federal common law [are] materially indistinguishable" vis-à-vis determining whether the parties have entered into and/or breached an agreement. *Id.*; *see also Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997) ("An initial question presented is whether New York or federal common law determines whether the parties reached a settlement of claims brought under [federal statutes] and state law. . . . Because we find that there is no material difference between the applicable state law or federal common law standard, we need not decide the question here."). A number of New York district courts have resolved claims related to settlement agreements by looking to the forum state's substantive law of contract. *See, e.g.*, *Kowal v. Andy Const., Inc.*, No. 05-CV-576, 2008 WL 4426996 at *2 (E.D.N.Y. 2008) (citing *Ramnarin v. City of New York*, 474 F.Supp.2d 443, 446 (E.D.N.Y. 2007). This Court will do the same here.

As the Second Circuit explained in *Powell*, "[a] settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell*, 497 F.3d at 128. "To state a claim in federal court for breach of contract under New York law, a complaint need only allege

5

(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *see also Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (citing *Harsco Corp.*, 91 F.3d at 348).

Where a contract is unambiguous "it is enforced according to its terms, and the court will generally not look 'outside the four corners of the document' to add to or vary it." *Rosenblatt v. Christie*, 195 Fed.Appx. 11, 12 (2d Cir. 2006) (quoting *Am. Home Prods. Corp. v. Liberty Mut. Insc. Co.*, 748 F.2d 760, 765 (2d Cir. 1984); *see also Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 447 (1996) ("[W]hen parties set down their agreement in a clear, complete document, evidence outside the four corners of the document as to what was actually intended is general inadmissible.").

II.     *Enforcement of a Settlement Agreement*

New York Civil Practice Law and Rules ("CPLR") Article 50, § 5003-a(b) provides:

> When an action to recover damages has been settled and the settling defendant is a municipality . . . or any public corporation that is not indemnified by the state, it shall pay all sums due to any settling plaintiff within ninety days of tender, by the settling plaintiff to it, of duly executed release and a stipulation of discontinuing action executed on behalf of the settling plaintiff.

In addition, CPLR § 5003-a(e) provides:

> In the event that a settling defendant fails to promptly pay all sums as required by subdivisions (a), (b), and (c) of this section, any unpaid plaintiff may enter judgment, without further notice, against such settling defendant who has not paid. The judgment shall be for the amount set forth in the release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered.

Reading the two CPLR subsections together, if a public defendant does not remit payment to a settling plaintiff within 90 days of tender of an executed release and a stipulation of

6

discontinuance, then the settling plaintiff may enter judgment against the public defendant together with costs and interest. The key question under CPLR § 5003-a, is when the defendant receives the required release and stipulation from the settling plaintiff such that the 90-day time period begins.

## DISCUSSION

As described above, payment of the settlement by the County Defendants is allegedly being withheld on account of a delay in approval from the Nassau County Comptroller's Office, so Plaintiffs seek to convert the settlement into a judgment against County Defendants. As conceded by Plaintiffs, Paragraph 20(c) of the Settlement Agreement includes a provision stating

> [S]hould all necessary approvals set forth in paragraph 19(a) herein be made within the stated time frame, the Parties agree that Payment of this settlement shall be made upon the approval of the Nassau County Comptroller's Office. *Plaintiff waives any claims that might arise as a result of said delay and Plaintiffs specifically waive all provisions of New York CPLR Section 5003-a(b)*. (Emphasis added.)

(Settlement Agreement ¶ 20(c) (DE 100); *see also* Nov. 2, 2017 Letter from Plaintiffs at 3.) Parties to a settlement agreement may legally waive application of CPLR § 5003-a time limits. *See, e.g.*, *Brown v. City of New York*, No. 2009-CV-1809, 2012 WL 628496, at *2 (E.D.N.Y. 2012) ("It is well settled that the prompt payment provision of § 5003-a is a default rule and parties 'are free to craft the terms of their agreements . . . in any manner that is mutually acceptable to them, including exempting from or limiting the applicability of the provisions of CPLR 5003-a'") (quoting *Cunha v. Shapiro*, 42 A.D.3d 95, 104 (2d Dept. 2007)).

In reviewing the Parties' papers, it appears that there are two questions the Court must consider. The first is whether Defendants have breached the contract, making the incorporated

CPLR § 5003-a waiver inapplicable. If the answer to the first question is yes, the second question is whether the CPLR § 5003-a 90-day time period has expired.

I.    *Breach of Contract*

Pursuant to Second Circuit law, the Settlement Agreement at issue here is a contract that must be interpreted according to general principles of contract law. Since existence of the Settlement Agreement is not in dispute, Plaintiffs need only prove their own adequate performance of the contract, breach of contract by the defendant, and damages, to meet their burden for a breach of contract claim.

Here, Plaintiffs claim that County Defendants breached the Settlement Agreement when the County Legislature failed to vote to approve the settlement by August 31, 2017, pursuant to paragraph 20(b) of the Agreement. (*Id.*) Paragraph 20(b) provides:

> [S]hould this matter not be voted on by the Nassau County Legislature on or before August 31, 2017 or within thirty days of delivery of the completed necessary documents to the County, whichever date is later, the parties agree that Plaintiff may request that the Court reinstate this matter and place same on the active discovery pre-trial calendar without opposition.

As explained above, the Legislature did not vote on the matter until September 25, 2017, which was indisputably after 30 days from receiving the "completed necessary documents." Because Plaintiffs knew that the Settlement Agreement was not calendared for the August 31, 2017 Legislative meeting, Plaintiffs filed a status report with the court on August 28, 2017, requesting that the Court place the matter on the trial calendar as early as possible. Thus, Plaintiffs took the recourse that was contractually available to them.

Under Paragraph 20(b), it is clear that the Settlement Agreement specifically contemplated that the County's vote on the matter would not happen by the August 31, 2017 deadline. As such, the Settlement Agreement provides a particular remedy, namely the ability

8

for Plaintiffs to "request that the Court reinstate this matter and place same on the active discovery pre-trial calendar without opposition." Thus, Defendant's failure to vote on the matter by August 31, 2017, does not appear to be a breach of the entire Agreement that allows Plaintiffs to terminate the Agreement. Rather, the Settlement Agreement provides a delineated recourse which Plaintiffs did in fact pursue.

Plaintiffs also argue that County Defendants have breached the Agreement for failure to "make diligent efforts to submit all documents necessary for the approvals described herein in a timely manner" in accordance with Paragraph 20(b). (Letter Motion at 3.) Specifically, Plaintiffs take issue with the fact that the paperwork was not submitted to the Comptroller for almost a month and that the Comptroller has not acted for over a month. (*Id.* at 2.) However, Paragraph 20(c) of the Agreement expressly provides that "the Parties agree that Payment of this settlement shall be made by County Defendants upon the approval of the Nassau County Comptroller's Office." This provision does not include any sort of deadline or recourse. In light of the waiver of the CPLR § 5003-a time limits, the Settlement Agreement anticipated that approval from the Nassau County Comptroller's Office may take longer than ninety days. While the Court frowns upon County Defendants' delay in delivering the documents to the Comptroller, this does not raise to the level of a breach of the Settlement Agreement.

Finally, Plaintiffs argue that County Defendants breached the Agreement on account of failing to deliver the documents to the Comptroller in a timely fashion in accordance with Paragraph 3, which provides that "[e]ach of the Parties hereto shall do all things reasonably necessary and appropriate to further effect the settlement of this Action, including, but not limited to, the execution and delivery of all appropriate documents." (*Id.* at 3.) The same analysis from above applies here; County Defendants delivered the documents to the

Comptroller in just under a month. Since no deadlines are provided, their actions fall within the parameters of doing what is "reasonably necessary" to effect the settlement and their delay does not constitute a breach of the Settlement Agreement.

While the Court is sympathetic to Plaintiffs' frustrations in procuring the settlement funds, the Court may not manipulate the Agreement to produce a fairer result than the Parties contracted for amongst themselves. On the other hand, under Paragraph 20(b) it appears that Plaintiffs are still within their rights to reinstate the matter and "place same on the active discovery pre-trial calendar" because Defendants did not vote on the Agreement by the August 31, 2017 deadline. Therefore, the Court has scheduled this case for trial on January 22, 2018.

II.     CPLR § 5003-a Time Period

Since there has been no breach, analyzing the applicability of the CPLR § 5003-a is academic. However, the Court will note that even if the Agreement had been breached and the CPLR § 5003-a time limits were applicable, the relevant time period has not expired. Section 5003-a(b) is conditioned upon tender of the Stipulation of Discontinuance, which in this case was not done until September 26, 2017. Ninety days after September 26, 2017 is December 26, 2017.[1] Thus, the CPLR § 5003-a time period is ongoing. This Court sincerely hopes that County Defendants will remit payment of the settlement before that time.

---

[1] The 90-day period expires on Christmas, which is a Federal holiday, therefore the deadline is December 26, 2017.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to convert the settlement into a judgment is denied. This case is scheduled for trial on January 22, 2018. Plaintiffs' counsel is directed to file a status report on January 17, 2018, regarding whether payment has been received.

**SO ORDERED.**

Dated: Central Islip, New York
December 7, 2017

/s/
Denis R. Hurley
Unites States District Judge