UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGETTE SORRELL, JUANA ROSARIO,
MACHEL WILLIAMS, and DONALD MORENCY,

                Plaintiffs,                         **MEMORANDUM AND ORDER**
                                                    10-49 (DRH) (GRB)

          -against-

THE INCORPORATED VILLAGE OF LYNBROOK,
LYNBROOK POLICE DEPARTMENT, POLICE
OFFICER JOHN DOE 1-10, in their official and individual
capacities, NASSAU COUNTY, POLICE OFFICER
PATRICK J. HAJL, in his official and individual capacity,
POLICE OFFICER PETER R. FESTA, in his official and
individual capacity, POLICE OFFICER BRIAN
PALADINO, in his official and individual capacity,
POLICE OFFICER BRIAN R. CUNNINGHAM, in his
official and individual capacity, POLICE OFFICER ERIC
BRUEN, in his official and individual capacity, POLICE
OFFICER MARISSA D. STORK, in her official and
individual capacity, DETECTIVE GREG M. ARENA, in
his official and individual capacity, and DETECTIVE
ROBERT J. LASHINSKY, in his official and individual
capacity,

                Defendants.
------------------------------------------------------------X

**APPEARANCES:**

**Attorney for Plaintiffs:**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
556 Peninsula Boulevard
Hempstead, New York 11550
By:    Frederick K. Brewington, Esq.
       Johanna David, Esq.

**PHILIPS & ASSOCIATES, PLLC**
45 Broadway, Suite 620
New York, NY 10006
By:    Marjorie Mesidor, Esq.

**Attorney for Defendants Nassau County, Police Officer Marissa D. Stork, Detective Greg M. Arena, and Detective Robert J. Lashinsky:**

**NASSAU COUNTY ATTORNEY'S OFFICE**
1 West Street
Mineola, New York 11501
By:     David W. MacAndrews, Esq.
        Andrew Reginald Scott, Esq.
        James O LaRusso, Esq.
        Peter A. Laserna, Esq.

**GOLDBERG SEGALLA LLP**
200 Garden City Plaza, Suite 520
Garden City, NY 11530
By:     Richard John Femia, Esq.


**HURLEY, Senior District Judge:**

Presently before the Court is a Motion for Reconsideration by Plaintiffs Georgette Sorrell, Juana Rosario, Machel Williams, and Donald Morency, (collectively "Plaintiffs").[1] The Court grants Plaintiffs' Motion for Reconsideration, and again reviews Plaintiffs' motion to convert the settlement into a judgment.

The remaining defendants to this action, Nassau County ("County"), Nassau County Police Officer Marissa D. Stork, and Nassau County Detectives Greg M. Arena and Robert J. Lashinsky (collectively with the County, "County Defendants"), filed a Response in Opposition to the Motion for Reconsideration on the basis that it is premature. County Defendants also

---

[1] Plaintiffs seek reconsideration on the basis that it included, *in a footnote* in its last of four submissions it made to the Court on this issue, a statement indicating that the entire basis of its original argument was based on a misquoting of the Settlement Agreement, which in fact did not include a waiver of CPLR § 5003-a time limits.

incorporated by reference the arguments that they previously set forth in their opposition papers to the original motion to convert.

Upon further consideration, Plaintiffs' motion is denied for the reasons explained below.

**DISCUSSION**

For a full recitation of the facts, refer to this Court's prior order. *Sorrell v. Inc. Village of Lynbrook et al.*, No 10-49, 2017 WL 6210814 (Dec. 7, 2017) (hereinafter "Order").

Preliminarily, the Court agrees with County Defendants that any motion to convert the settlement to a judgment under CPLR § 5003-a is premature. As the Court explained in its previous Order, even if CPLR § 5003-a is applicable, the relevant time period does not expire until December 26, 2017, because Plaintiffs did not tender the Stipulation of Discontinuance to County Defendants until September 26, 2017. Under CPLR § 5003-a(b), the ninety-day time period does not begin until the Stipulation of Discontinuance is tendered. Therefore, the relevant time period has not expired.

Moreover, this Court is not convinced that CPLR § 5003-a applies to the settlement of federal claims, even in the absence of a waiver. *See Elliot v. City of New York*, No. 11-7291, 2013 WL 3479519, at *1 (S.D.N.Y. July 10, 2013) ("The Second Circuit has not yet ruled on the applicability of § 5003 to a settlement of federal claims"). There is conflicting case law among district courts in the Second Circuit regarding whether CPLR § 5003-a is binding in the absence of an express provision in the Settlement Agreement or Stipulation of Discontinuance stating as much.

For example, in *Dixon v. City of New York*, the Southern District of New York entered judgment for plaintiff, and cited CPLR § 5003-a to include "interest thereon at the statutory rate applicable to federal question claims commencing on the 90th day after May 29, 2002, the date

3

on which the City first was obliged to pay." No. 01-4413, 2022 WL 31466762 (S.D.N.Y. Nov. 1, 2002). The court in *Dixon* provided no further insight into why § 5003-a applied. Likewise, in *Elliot v. City of New York*, the Southern District held that plaintiffs were entitled to interest under § 5003-a as a default rule because "the Settlement Agreement here does not contain any provision waiving application of § 5003-a, so the statute's prompt-payment provision applies to the Agreement." 2013 WL 3479519, at *2; *see also Brown v. City of New York*, 2009-1809, 2012 WL 628496, at *2–6 (E.D.N.Y. Jan. 30, 2012) (quoting *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 188–89) (2d Cir. 2006) (holding that § 5003 applies to the settlement of federal claims because "'federal common law . . . generally adopts the relevant state law rule unless there is a significant conflict between the state rule and a federal interest.'")

By contrast, in *Green v. The City of New York*, the court denied a motion to apply § 5003-a to a settlement because the settlement agreement did not provide a date for payment. No. 97-8191, 2000 U.S. Dist. LEXIS 11691, at *3 n.1 (S.D.N.Y. Aug 16, 2000). The Court explained that the agreement was governed by general contract law, and the parties "have not explained why [§ 5003-a;] is applicable to and governs the case at bar." *Id.*; *see also Nicaj v. City of New York*, No. 07-2382, 2009 WL 513941, at *1–2 (Feb. 26, 2009) (declining to apply § 5003-a on the basis that the "settlement agreement in this case, like the one in *Green*, contains no provisions on the time period for payment or the applicability of interest, and specifies that the agreement contains all the terms agreed upon by the parties.") Additionally, in *Penley v. City of New York*, the Southern District denied an application for interest under § 5003-a on the basis that the plaintiff had waived his right to interest in the Offer of Judgment and "'[w]hen a settlement agreement . . . does not set a time frame for payment, a plaintiff is not entitled to

receive interest on the settlement because of a delay in payment.'" No. 14-1577, 2015 WL 5256979, at \*1 (S.D.N.Y. Sept. 8, 2015) (quoting *Nicaj*, 2009 WL 513941 at \*1).

Here, as in *Green* and *Nicaj*, the Plaintiffs have not given a sufficient explanation for why § 5003-a applies. The Settlement Agreement does not include any deadline for payment, nor does it provide that § 5003-a, applies. (*See* Ex. 1 to Plaintiffs' Letter in Further Support of Plaintiffs' Motion (Nov. 22, 2017).) Most notably, the Settlement Agreement specifically provides that "should all necessary approvals set forth in paragraph 20(a) herein be made within the stated time frame, the parties agree that Payment of this settlement shall be made by County Defendants *upon the approval of the Nassau County Comptroller's Office*." (*Id.* at ¶ 20(c) (emphasis added).) Analyzing the Settlement Agreement within its four corners, it is clear that payment was conditioned upon the Comptroller's approval but no time limit for such approval was expressly provided. The Agreement's silence on any kind of deadline suggests that the Parties did not intend for there to be a fixed deadline.

Here, the Court declines to apply § 5003-a to the settlement at issue for several reasons. First, the settlement is delayed by the Comptroller, which was contemplated in the Agreement. Second, the County Defendants are adamant that they still intend to pay. Third, there is a lack of consensus on the question of the applicability of § 5003-a to the settlement of federal claims in the Second Circuit. Finally, and most importantly, the time period under CPLR § 5003-a has not expired. Therefore, Plaintiff's motion to convert the settlement into a judgment is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to convert the settlement into a judgment is denied. The Court reiterates that County Defendants are encouraged to remit payment at the earliest time possible. Until then, this case is still scheduled for trial on January 22, 2018. Plaintiffs' counsel is again directed to file a status report on January 17, 2018, regarding whether payment has been received.

**SO ORDERED.**

Dated: Central Islip, New York
       December 15, 2017

                                          _____/s/_____
                                          Denis R. Hurley
                                          Unites States District Judge